IN THE MATTER OF THE APPLICATION FOR AN ORDER
DIRECTING THE BOROUGH CLERK OF THE BOROUGH
OF ROSELLE TO PLACE THE NAME OF HARRY DVOR-
KEN ON THE PRIMARY BALLOT OF THE DEMOCRATIC
PARTY.

Decided May 1, 1934.

For the applicant, *Thomas F. Hueston.*

For the borough clerk, *Guy W. Gordon.*

Heard and decided by

CASE, J.  Harry Dvorken filed a petition, with the requisite
number of signers, seeking nomination as a candidate of the
Democratic party for councilman of the borough of Roselle.
Upon objection filed, the borough clerk determined that
Dvorken was not a member of the Democratic party and
that therefore his name should not be printed on the primary
ballot.

I know of no statutory provision stating, in so many
words, that a person, to be eligible for nomination by petition
upon a primary ballot as a party candidate, must be a member
of that party, though the legislative purpose may perhaps be
inferred from paragraph 272 of the Election law, Revision
of 1930 (*Pamph. L.* 1930, *ch.* 187), which provides that
"accompanying said petition each person endorsed therein
shall file a certificate, stating that * * * he is a member
of the political party named therein."  Chief Justice Gum-

mere in *In re City Clerk of Paterson,* 88 *Atl. Rep.* 694 (not officially reported), considering methods other than the "writing in" process, doubted whether the legislature could limit the members of a political party in making their party nominations to those of their own party. I do not find it necessary to pass upon that question. Assuming, but not deciding, that the legislature may prohibit party voters from endorsing, in a petition for nomination, a person not of their party, and that the legislature has done so, I consider that Dvorken is nevertheless eligible.

Dvorken concedes that in May, 1932, and in May, 1933, he voted in the Republican primary, and if the controversy were over his right to vote in the approaching primary election as a Democrat, the decision would be in the negative, for paragraph 310 of the election statute (amended *Pamph. L.* 1931, *ch.* 374, *p.* 955) provides that "a voter who votes in a primary election of a political party shall be deemed to be a member of that party until two full years have elapsed after casting of such party primary vote." That paragraph bears upon the subject of who may vote and carries the caption "Balloting Regulations." As one of paragraphs 307 to 313, inclusive, it is under the general title of "Balloting." It and they relate to the events of primary election day. They are not made applicable, either expressly or by necessary inference, to the qualifications of a candidate. So that, even if we accept the argument that a person seeking, by petition, to be named on the primary ballot as a candidate for party nomination must, to be eligible, be a member of that party, we need not, I think, conclude that the statutory definition of one who may vote in a party primary is controlling as to one who would be a candidate thereat.

Dvorken insists that he is, and that he was at the time of filing the petition and for many months theretofore, a Democrat. It is undisputed that for nearly a year past he has publicly declared himself to be a Democrat; that during that period he has been affiliated with the "Regular Democratic Club of Roselle;" that at the last election for members of the general assembly he voted for a majority of the

members of the Democratic party and that he intends to continue these political affiliations. The election statute is a composite of many laws passed at different periods and with varying objectives. The last revision, like its predecessors, is not fully co-ordinated. Any of its provisions must be studied with respect to their own content, their history and their immediate context rather than by comparison with other disassociated parts. I think it reasonable to suppose that the legislature in requiring, in paragraph 272, *supra,* the candidate to certify his party membership, intended to apply that test of party allegiance which it had inserted a few lines earlier in the same paragraph, namely, the voting for a majority of the party candidates at the last election for members of the general assembly, and the intention to affiliate with the party at the next ensuing election. By that test Dvorken is a Democrat.

The time for the completion of the sample primary ballots in season for printing and mailing is here, and there is no opportunity for greater analysis or research. I shall sign an order directing that Dvorken's name be printed on the ballot.