40 N.J. Super. 139 (1956)
122 A.2d 367
ANTHONY GEORGE, PLAINTIFF,
v.
FORREST L. GILLESPIE, AND J. RUSSELL WOOLLEY, CLERK OF THE COUNTY OF MONMOUTH, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 13, 1956.
Decided April 30, 1956.
*140 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Alfred J. Skaff argued the cause for plaintiff (Mr. Amos E. Kraybill, Jr., attorney; Mr. Joseph F. Mattice, of counsel).
Mr. William J. O'Hagan argued the cause for defendant Gillespie (Messrs. Stout and O'Hagan, attorneys).
No appearance for defendant Woolley.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
In view of the primary election to be held on April 17, 1956, this court met specially to hear argument of defendant Gillespie's appeal from the Law Division judgment ordering defendant Woolley, Clerk of Monmouth County, to remove his name as one of the Republican candidates to be voted on at the primary in and for the Township of Ocean, Monmonth County. After considering the argument of counsel, we reversed the judgment and announced that this opinion would be prepared and filed in due course.
Plaintiff, who claims to be a legal and duly registered voter of Ocean Township and a member of the Republican Party, filed his complaint demanding judgment that Gillespie be adjudged not a member of the Republican Party and that the Monmouth County Clerk be directed not to have Gillespie's name appear on the list of candidates to be used in the Republican Party primary election of 1956 to be held in Ocean Township. A petition had been filed with the acting clerk of Ocean Township on March 8, 1956 endorsing Gillespie as a candidate for nomination for member of the Ocean Township Committee in the Republican primary election to be held April 17, 1956 and requesting that his name appear on the official primary ballot of that party as a candidate for that office. Attached to the petition was a certificate of *141 acceptance signed by Gillespie, made in accordance with N.J.S.A. 19:23-15 (cf. N.J.S.A. 19:23-7), and stating, among other things, that he is a member of the Republican Party. No objection to the petition itself has been raised. However, plaintiff claims that Gillespie is not a member of the Republican Party, but belongs to the Democratic Party and holds a public office to which he was elected as Democratic candidate in the general election of 1954.
The charge that Gillespie is not a Republican is spelled out in the affidavit of Amos E. Kraybill, chairman of the Democratic Executive Committee of Ocean Township, a member of the Ocean Township Democratic Club, and a Democratic member of the Ocean Township Committee, the governing body of the township, and attorney for the plaintiff in this proceeding. He alleges that he presided at a meeting of the Ocean Township Democratic Executive Committee in October 1954 at which Gillespie was nominated as Democratic candidate for the 1954 election to fill a vacancy in the Ocean Township Committee; that Gillespie accepted the nomination and disassociated himself from the Republican Party; that he campaigned in the general election of 1954 for himself and other Democratic candidates and was elected; that he joined the Ocean Township Democratic Club in October 1954 and has not separated himself from that organization; and that before the 1955 primary election he attended a meeting of Democratic leaders of the township called for the purpose of selecting party candidates and there signed a petition nominating one Finley as a Democratic candidate (Finley later declined to accept the nomination).
The Law Division judge found as a fact, and we concur, that Gillespie voted in the Republican primaries in the years 1951 through 1954, but not in 1955, and that he voted for all the Republican candidates in every general election from 1948 through 1955, except in the general election of 1954, when he voted for himself, his Republican friend Koenig, and Kraybill, all of whom were running as candidates of the Democratic Party for election to the Ocean Township Committee.
*142 The circumstances leading to Gillespie's nomination for township committeeman in October 1954, and his subsequent election on the Democratic ticket, are made clear in the affidavits filed by both sides in the Law Division. The Republican Party in Ocean Township had been split because of differences arising in the course of the primary election held in the spring of 1954. It would appear that violent antagonisms were aroused. Gillespie, Koenig, and others who sided with them, found themselves thoroughly disaffected. Later that year the Legislature failed to extend an act "freezing" the size of the township committee to an earlier and smaller census figure, so that Ocean Township became entitled to have five committeemen in lieu of three, by reason of the 1950 federal census. As a result, it became necessary to elect three committeemen at the general election of 1954 instead of the one who had been nominated at the primary election earlier that year. The Republican Party, through its executive committee, nominated two men to whom Gillespie and other Republicans were opposed. He and Koenig, both Republicans, were then approached by Kraybill, chairman of the Democratic Executive Committee of Ocean Township, who urged them to consent to run on the Democratic ticket for township committee in the 1954 general election, advising them that there was nothing improper or illegal in their acceptance. In view of their disagreement with the Republican Executive Committee and because of the split in the local Republican Party, they agreed to accept this nomination, but expressly advised Kraybill that they considered themselves Republicans and would continue to act as such. In the general election Gillespie was elected to a two-year term, and Kraybill and one Shannon (a Republican) for three-year terms, Koenig being defeated. Gillespie's campaign was supported by members of the Republican Party who sided with him in his disagreement with the executive committee.
Except for his endorsement of Democratic candidate Finley in the spring of 1955, as alleged by Kraybill, Gillespie thereafter held himself out as a Republican and aligned *143 himself with the Republican Party. He acted in concert with his three fellow Republican township committeemen in opposing Democratic Committeeman Kraybill. Although he did not vote in the 1955 primary election, Gillespie worked for the election and renomination of Republican Committeeman Garrity, and in the general election for 1955 voted for all the Republican candidates for office. His insistment that he has always held himself out as a member of the Republican Party is supported by the affidavits filed in opposition to this action. His defection in permitting himself to be nominated and elected to the township committee under the Democratic label at the general election in 1954 is readily explainable in the light of the circumstances hereinabove detailed. There was never any concealment on his part of the fact that he was a Republican, and his acceptance of the nomination for township committeeman merely signified, as shown by the certificate handed up at the argument, that he was qualified to be a candidate for the office, was a resident and legal voter within Ocean Township, consented to stand as Democratic candidate for the office of township committeeman at the ensuing general election, and would accept the office if elected.
Both sides agree that N.J.S.A. 19:23-7 is controlling. This section of the Election Act specifies the contents of petitions for nomination of candidates at primary elections, setting forth the qualifications of the signers of such petitions and adding the requirement that with the petition the nominee "shall file a certificate, stating that he is qualified for the office mentioned in the petition, that he is a member of the political party named therein; that he consents to stand as a candidate for nomination at the ensuing primary election of such political party, and that, if nominated, he consents to accept the nomination, * * *." Gillespie filed such a certificate. N.J.S.A. 19:23-15.
The controversy here centers upon the requirement that the nominee be "a member of the political party named" in the petition. Upon a consideration of all the facts we find that Gillespie, at the time of the filing of the petition *144 here in question, was a member of the Republican Party of Ocean Township and that his name was therefore properly placed in nomination as the party's candidate for township committeeman in the April 17, 1956 primary election.
At the argument plaintiff referred to N.J.S.A. 19:23-45 which states that "a public official * * * holding any office * * * to which he has been elected * * * as a member of a political party shall be deemed a member of such political party." That section appears as part of Article 9 of Chapter 23, Subtitle 3, Title 19 of the Revised Statutes relating to Elections, dealing specifically with "Balloting Procedure." As was said by Chief Justice Case in In re Dvorken, 12 N.J. Misc. 438, 439 (Sup. Ct. 1934), a case directly in point, the provisions of Article 9 dealing with balloting procedure "are not made applicable, either expressly or by necessary inference, to the qualifications of the candidate." This is another example of the difficulties, if not inconsistencies, that arise under our Election Act, which, as the chief justice observed, is a composite of many laws passed at different periods and with varying objectives, and which is not fully coordinated. In re Dvorken, above, 12 N.J. Misc., at page 440; cf. Stevenson v. Gilfert, 13 N.J. 496, 504 (1953). In the Dvorken case it was held that the criteria for party membership for purposes of qualification as a candidate in a primary election were only those fixed for signatories of the petition of nomination of such a candidate stated in Article 3 of the chapter aforesaid (R.S. 19:23-7). We think that the construction given to the statute in that decision was sound and remains so. The statute requires only a statement of membership in the party, that the signer voted for a majority of the candidates of the party in the last general election, and that he intends to affiliate with that party at the ensuing general election. Gillespie fulfilled these conditions in the present case.
We need not concern ourselves with the interesting question of whether the Legislature may prohibit party voters from endorsing, in a petition for nomination, a person not *145 of their party, In re Dvorken, above; In re City Clerk of Paterson, 88 A. 694, 36 N.J.L.J. 298 (Sup. Ct. 1913, Chief Justice Gummere) (not officially reported); but see Stevenson v. Gilfert, above, 13 N.J., at pages 501-505. Sufficient that we find, as did the court in Dvorken, that Gillespie is and was a member of the party which nominated him.
Plaintiff relies upon the Stevenson case, but it is clearly distinguishable on its facts. In that case there was a primary election for which Republican candidates were duly nominated and in which they were duly elected by members of the Republican Party to represent the party in the general election. The primary was held in April. Late in September the chairman and secretary of the Republican County Committee sent notices of a special meeting to members. Thereafter, and two days before the day set for the meeting, all of the Republican candidates nominated at the primary election submitted their resignations to the county committee. The special meeting proceeded to select candidates to fill the resulting vacancies; they were not members of the Republican Party, but Democrats, and although they tendered certificates consenting to stand as candidates of the Republican Party in the November general election, they could not and did not certify they were members of that party as required by N.J.S.A. 19:13-20. The county clerk refused to accept their certificates and declined to place their names on the ballot as Republican candidates. They thereupon instituted an action in the Law Division to compel the county clerk to do so. Summary judgment was entered against them, and on certified appeal the Supreme Court affirmed.
The facts here are patently and completely different from those in the Stevenson case. The court there struck down the last-minute action of the county committee as a perversion of the Election Act, holding that party voters, having selected their own party candidates, were entitled to such protection as could be provided against political manipulation which deprived them of their chosen candidates and substituted candidates of a different party espousing adverse *146 political principles. Whatever may be said of the action of Gillespie in allowing himself, as a Republican, to be persuaded to accept the Democratic label in the November 1954 general election for township committeeman, the reason therefore is understandable, and the fact remains that he held himself out and was known as a Republican. Any departure from his Republicanism was sure to be exposed to the electorate in the 1956 primary election campaign. There was no such opportunity for throwing the white light of publicity upon the substituted candidates for the vacancies in the Stevenson case.
The judgment of the Law Division is reversed.