EDWARD A. NICKERSON, APPELLANT, v. NICHOLAS D. CAPELLA AND MICHAEL S. KEATING, CAMDEN COUNTY CLERK, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 17, 1977—Decided May 23, 1977.

Before Judges BISCHOFF, MORGAN and KING.

*Mr. E. Allen Nickerson,* appellant, argued the cause *pro se.*

*Mr. John A. DeFalco* argued the cause for respondent Capella.

PER CURIAM. Pursuant to leave granted, plaintiff Edward A. Nickerson appeals from an interlocutory order denying his application to have the name of defendant Nicholas D. Capella deleted from the official primary ballot and sample ballot for the primary election scheduled for June 7, 1977.

Plaintiff filed a complaint in which he alleged that defendant had filed a nominating petition with the office of the Berlin Borough Clerk asserting that he was qualified as a candidate for the office of Camden County Democratic Committeeman for the Borough of Berlin.

Plaintiff alleged that defendant, in fact, was not qualified to seek nomination to that office, since he was not a resident of the Borough of Berlin.

An order to show cause was issued upon filing of the complaint, returnable on May 16, 1977, at which time a plenary hearing was held on the issues raised by the complaint and defendant's answer. At the conclusion of the trial the judge did not decide the issue of the residency of defendant, ruling that "the residency requirement of a County Committee member is that he actually reside in the district he represents at the time of his election to office," and that plaintiff's application was premature for defendant could, prior to the election, move into the Borough of Berlin and establish a bona fide residence therein.

Plaintiff sought leave to appeal from the order entered on May 16, 1977 implementing the oral determination of the trial judge and seeking a stay thereof.

Because of the imminence of the primary election, we granted leave to appeal and, pursuant to R. 2:11-2 and with the express consent of the parties, elected to determine the appeal on the papers submitted. At the conclusion of the argument on May 17 we issued an order directing the county clerk to delete the name of defendant from the ballots. We now submit the following opinion. R. 2:11-3(a).

At our request the trial judge prepared findings of fact on the issue of residency, which read as follows:

In June 1975, the defendant moved from 18 Ellis Avenue in Berlin Borough to Apartment 128–6, Kirkwood Road (Echelon Apartments) in Voorhees Twp. At this time, he bought new furniture and the old furniture was left in the Berlin home, ownership of which defendant retained. The Berlin home was, and has continued to be, occupied by defendant's daughter and son-in-law with their two children. Defendant has renewed his lease for the Echelon apartment for a term through 1977. He lives at the Echelon apartment with his wife and step-son, a high school student.

Defendant stays at the apartment most of the time, but sleeps in the Berlin home occasionally. Part of his wardrobe is in the Berlin home. He spends a lot of time in Berlin on his committeeman's job. (He has been a Berlin Democratic Committeeman for the past 5 years). He has lunch and dinner at the Berlin home quite frequently. His mail concerning the committee job goes to the Berlin home, while other mail goes to the Echelon apartment. He is listed in the telephone directory at the Voorhees address, but is having the listing changed to his wife's name. On election day, he works in Berlin and sleeps in the Berlin home the night before election.

He acts as liaison between Berlin and the County Committee, taking back reports to Berlin and he is active in the elective process and helps select candidates in Berlin, not Voorhees. He is not politically active in Voorhees Township. He is registered to vote in Berlin and voted at the last general election in Berlin. His wife has registered in Voorhees Township.

He intends to move back to the Berlin home as soon as his daughter and son-in-law are financially able to move to their own home. There was no indication when, or if, this would ever occur. He intends to file a dual residency statement, pursuant to *N. J. S. A.* 19:4–4.1 *et seq.*, electing Berlin to be his domicile but he has not done so as yet.

As a result of the foregoing, I have concluded and find as a fact that the domicile and residence of the defendant is in Voorhees Township.

The parties do not disagree with the judge's findings of fact.

Defendant resists this appeal, contending that

(1) The trial judge was correct in holding that this action was premature and that his qualifications for the office of county committeeman are to be judged as of the time of the election;

(2) He has a present intention of returning to Berlin and declaring Berlin as his full-time place of residence, and

(3) Since the trial and entry of the order of May 16, 1977, he has in fact filed a statement, pursuant to *N. J. S. A.* 19:4–4.1[1] electing Berlin as his place of residence.

*N. J. S. A.* 19:5–3, which prescribes qualifications for "Membership and organization of county committees," in pertinent part provides:

Members of the county committee shall actually reside in the districts or units which they respectively represent.

*N. J. S. A.* 19:23–7, which prescribes the "Contents of petitions" of candidates to be voted upon at a primary election, provides in pertinent part:

Accompanying the petition each person indorsed therein shall file a certificate, stating that he is qualified for the office mentioned in the petition, that he is a member of the political party named therein; that he consents to stand as a candidate for nomination at the ensuing primary election of a such political party, and that, if nominated, he consents to accept the nomination. * * *

These statutes evidence a clear legislative intent that one filing a petition to be placed on the ballot for nomination as a member of the county committee must, at the time of filing, be fully qualified for the office. They do not permit the qualifications to be met or satisfied at some time in the future. To hold otherwise would lead to uncertainty and confusion in the minds of the voters, for they would be unable to determine, from an examination of the ballots, whether candidates are (a) qualified for the position sought, (b) would qualify at a later time, or (c) would serve if elected.

Moreover, defendant's statement that he intends to move back to the Borough of Berlin is vague and uncertain at best, for it is dependent upon his daughter's economic situation. Defense counsel admitted that the resolution of that

---

[1] *N. J. S. A.* 19:4–4.1 provides that "Any person entitled to vote in this State and who has more than 1 place of residence, may file a statement pursuant to this act."

situation is indefinite as to time, and defendant's move to Berlin may not occur for months or years.

Defendant's final argument, that he filed a statement electing Berlin as his residence, pursuant to *N. J. S. A.* 19 :4–4.1, is without significance. That statute applies, by its terms, to a voter who has more than one place of residence where he is entitled to vote, permitting him to elect one as his voting domicile. Assuming, *arguendo,* that it has application to residency requirements of candidates for office, it is clear from the factual findings of the trial judge that defendant does not have a dual residency but resides solely in Voorhees Township. We hold, under the facts and circumstances here presented, that the statute has no application.

For the foregoing reasons we reverse the order of the trial judge and direct that the name of Nicholas D. Capella, as a candidate for the office of Camden County Democratic Committeeman for the Borough of Berlin in the June 7, 1977 primary election, be deleted from the ballots.

No costs.