LEHIGH VALLEY RAILROAD COMPANY, A CORPORATION OF THE STATE OF PENNSYLVANIA, AND LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, PETITIONERS, v. HOMER ZINK, STATE COMMISSIONER OF TAXATION AND FINANCE OF NEW JERSEY, FRANK E. WALSH, DIRECTOR OF TAXATION OF NEW JERSEY, AND CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Submitted May 6, 1947—Decided October 20, 1947.

Before Justices DONGES, COLIE and EASTWOOD.

For the petitioners, *Collins & Corbin* (*Edward A. Markley* and *Raymond J. Lamb*, of counsel).

For the defendant City of Jersey City, *Charles A. Rooney* (*Joseph C. Glavin*, of counsel).

For the defendants Homer Zink and Frank E. Walsh, *Walter D. Van Riper*, Attorney-General (*Benjamin M. Taub*, of counsel).

The opinion of the court was delivered by

COLIE, J. Lehigh Valley Railroad Company of Pennsylvania and Lehigh Valley Railroad Company of New Jersey as lessee and owner respectively, filed a petition under the provisions of *R. S.* 54:29A–1, *et seq.*, asking that an order to show cause issue to determine the character of certain property which had been assessed for the year 1946 by Homer

Zink, State Tax Commissioner as "property used for railroad purposes at the rate of three percentum upon the true value thereof." *R. S.* 54:29A–7. The assessor of the taxing district of Jersey City assessed the property under the provisions of *R. S.* 54:29A–4 "at the same rate as the taxable property of other owners in the same taxing district" on the theory that it was not used for railroad purposes.

The question for decision is whether the property in question is "used for railroad purposes" so as to bring it within the 3% rate.

The land is a narrow strip 3,600 feet long, varying in width from 24 to 36 feet. To the east its entire length borders on State Highway No. 1; to the west is vacant meadow land zoned for heavy industry. Many years ago the Morris Canal was abandoned and Lehigh of New Jersey acquired the strip 66 feet in width and constructed a single track branch line thereon. When State Highway No. 1 was planned, the state acquired from Lehigh the westerly 40 feet of the former canal bed and conveyed to Lehigh the strip of land about which the present controversy turns. The effect of the exchange of properties sketched above was to split the holdings of the company down the middle, leaving it with a single track branch on the easterly portion and an unused portion parallel to and west of the highway. When the meadow land to the west is developed for heavy industry, the railroad will be able to furnish rail facilities as the situation develops and the need therefor arises. That such facilities could not be furnished by spurs from the branch line to the east of the highway is obvious, since each spur would cross the highway and create a dangerous hazard to, and undue interference with, vehicular travel.

We hold under the rule as laid down in *United New Jersey Railroad Co.* v. *Jersey City,* 55 *N. J. L.* 129, that the premises here involved are "used for railroad purposes." Chancellor McGill speaking for the Court of Errors and Appeals said:

"We think that where an authorized right of way has been acquired, over which a railroad has been constructed and is in good faith operated, which right of way is not devoted to another purpose, it is used for railroad purposes within the

meaning of the statute considered, although it may not, for the time being, be wholly occupied by tracks or other railroad appliances. That part of it which awaits railroad occupation upon the demand of necessity is in use, like the curtilage to a dwelling-house or the sides of a country highway. It does not stand in the category of those quantities of land, limitless by law, which railroad companies frequently acquire in speculative anticipation of the future wants of their roads. It is the land which the legislature in its wisdom has deemed to be reasonably necessary to answer the ordinary and emergent uses of a railway and ensure the continued, convenient and safe accommodation of the public."

In accordance with the prayer of the petition, we hold that the parcels of land described in the first, second and third counts were between the respective dates therein set forth "used for railroad purposes" within the meaning of the statute.

A rule for judgment with costs may be presented.