THE NEW YORK CENTRAL RAILROAD COMPANY, PROSECUTOR, v. THE DIVISION OF TAX APPEALS, DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW JERSEY, AND TOWN OF WEST NEW YORK IN THE COUNTY OF HUDSON, STATE OF NEW JERSEY, DEFENDANTS.

Submitted May 4, 1948—Decided August 9, 1948.

Before Justices BODINE and JACOBS.

For the prosecutor, *O'Mara, Conway & Schumann* (*Joseph A. Davis,* of counsel).

For the defendant Town of West New York, *Samuel L. Hirschberg* (*William J. Tomaso* and *Max A. Boxer,* on the brief).

The opinion of the court was delivered by

JACOBS, J.   This matter is before the court on a writ of *certiorari* to review a judgment of the Division of Tax Appeals sustaining an assessment by the Town of West New York on certain buildings located within the town and owned by prosecutor, the New York Central Railroad Company.

In 1944, prosecutor constructed three temporary frame buildings on land owned by it and located within the Town of West New York.   These buildings were designed to house itinerant Mexican laborers who were employed by prosecutor because of the stringent labor market resulting from the then existing state of war.   The laborers were employed to load and unload freight between barges and railroad cars operated by prosecutor.   They were housed in the buildings without charge, and prosecutor made arrangements with a contractor for the service of meals for which the laborers paid.

In 1945, the Town of West New York levied an assessment on the buildings although not on the land.   No assessment had been made by the state on the buildings for 1945, but in 1946, the State Department of Taxation and Finance assessed the buildings as "Class II" railroad property pursuant to a report, filed by the prosecutor under *R. S.* 54:29A–44, showing the character and value of its property as it existed on the first day of January preceding the report.   The Town of West New York has also levied an assessment on the buildings for the year 1946.

Contending that the buildings were "used for railroad purposes" and constituted "Class II" railroad property taxable by the state and not by the municipality, prosecutor appealed to the County Board from the town's 1945 assessment and from its adverse decision, to the Division of Tax Appeals in the State Department of Taxation and Finance.   On September 2d, 1947, the Division of Tax Appeals, without opinion, sustained the assessment on the buildings by the town for the year 1945 and the writ of *certiorari* was allowed to review

this action. The only matter before us is the assessment by the town for the year 1945; the assessments for the year 1946 by the state and the town were not brought before us by the writ.

The town contends that the buildings were "not necessary for carrying on the business of the railroad" and are, therefore, not to be considered as used "for railroad purposes" within the contemplation of the Railroad Tax Law of 1941, *R. S.* 54:29A–1, *et seq.* It relies, almost exclusively, upon *State* v. *Commissioners of Mansfield (Supreme Court, 1852),* 23 *N. J. L.* 510, 514, where the court, in construing a railroad tax exemption law, stated that "There must be a limit somewhere to this incidental power of the company to enlarge its operations and extend its property without taxation under this exempting clause, and that limitation, I think, must be fixed *where the necessity ends, and the mere convenience begins.*" This language was expressly disapproved in *State* v. *Hancock (Court of Errors and Appeals,* 1871), 35 *Id.* 537, 545, where the court pointed out that the placing of the term "necessary" in sharp contrast to the term "convenient" was "a mistake which has introduced confusion" and that a corporate power "which is obviously appropriate and convenient to carry into effect the franchise granted, has always been deemed a necessary one." See, also, *In the Matter of Taxation of the Erie Railroad Co. (Court of Errors and Appeals,* 1901), 65 *Id.* 608, 611.

However, the alleged contrast between "necessary" and "convenient" is of no particular significance in the light of the record before us. The prosecutor determined that, in view of the emergency conditions then prevailing, the importation of Mexican labor and the erection of the temporary buildings to house and feed them was essential to the wartime transportation of freight on its railroad and there is nothing before us to question this determination. In our opinion, the consequent use of the buildings was, under the circumstances presented, an appropriate railroad function which brought them directly within the orbit of the statutory exclusion from local taxation of buildings "used for railroad purposes." See *In re United New Jersey Railroad and Canal Co. (Supreme*

*Court,* 1907), 75 *N. J. L.* 334, 338, citing *Chicago, M. & St. Paul Railway Co.* v. *Crawford County* (1880), 48 *Wis.* 666; 5 *N. W. Rep.* 3, where the Wisconsin court held that a railroad eating and lodging house maintained for the accommodation of employees and passengers was property used in the operation of the railroad within a local tax exemption statute. *Cf. Jacksonville, Mayport, Pablo Railway and Navigation Co.* v. *Hooper* (1896), 160 *U. S.* 514, 526; 40 *L. Ed.* 515, 524.

We find no occasion to determine the question posed as to the precise extent to which property such as dwellings might be used by railroads, so as to subject them to state taxation to the exclusion of municipal taxation. We need only determine, as we do, that under the particular facts submitted the buildings were actually used for railroad purposes within the contemplation of the Railroad Tax Law of 1941, and that consequently the 1945 assessment thereon by the Town of West New York was invalid.

The judgment of the Division of Tax Appeals is reversed.