149 N.J. Super. 483 (1977)
374 A.2d 60
DAVID FRIEDLAND, MARJORIE McARTHUR, JEAN R. TOBLER, LIONEL L. LAZEROW AND MARCIJANE KRAFT, PLAINTIFFS,
v.
STATE OF NEW JERSEY, JOSEPH BRADY, SUPERINTENDENT OF ELECTIONS OF HUDSON COUNTY, AND THE RESPECTIVE COMMISSIONERS OR SUPERINTENDENTS OF THE COUNTY BOARDS OF ELECTIONS OF EACH OF THE 21 COUNTIES, AND JAMES F. QUINN, COUNTY CLERK OF HUDSON COUNTY, AND THE RESPECTIVE COUNTY CLERKS OF EACH OF THE 21 COUNTIES, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 6, 1977.
*487 Mr. David Friedland appeared pro se and for plaintiffs (Messrs. Friedland & Friedland, attorneys).
Mr. Gregory E. Nagy, Deputy Attorney General, for defendants State of New Jersey, Joseph Brady, Superintendent of Elections of Hudson County, and the respective Commissioners of the County Boards of Elections of each of the 21 counties (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
Mr. Peter G. Stewart, Essex County Counsel, for defendant Nicholas V. Caputo, Clerk of the County of Essex (Mr. Francis Patrick McQuade, County Counsel, attorney).
Mr. Michael A. Russoniello, Assistant County Counsel, for James F. Quinn, Clerk of the County of Hudson (Mr. Harold J. Ruvoldt, Jr., County Counsel, attorney).
KENTZ, J.S.C.
This action was commenced by an order to show cause and a verified complaint wherein plaintiffs challenge the constitutionality of N.J.S.A. 19:23-45 (hereinafter the Primary Elections Law) and seek a declaratory judgment declaring the statute null and void and also injunctive relief enjoining the respective defendants from acting thereunder.
The pertinent section of the Primary Elections Law as recently amended in L. 1976, c. 16, § 1, provides:
No voter shall be allowed to vote at the primary election unless his name appears in the signature copy register.
*488 A voter who votes in a primary election of a political party or who signs and files with the municipal clerk or the county commissioner of registration a declaration that he desires to vote in the primary election of a political party shall be deemed to be a member of that party until he signs and files a declaration that he desires to vote in the primary election of another political party at which time he shall be deemed to be a member of such other political party. The Secretary of State shall cause to be prepared political party affiliation declaration forms and shall provide such forms to the commissioners of registration of the several counties and to the clerks of the municipalities within such counties.
No voter, except a newly registered voter at the first primary at which he is eligible to vote, may vote in a primary election of a political party unless he was deemed to be a member of that party on the fiftieth day next preceding such primary election.
A member of the county committee of a political party and a public official or public employee holding any office or public employment to which he has been elected or appointed as a member of a political party shall be deemed a member of such political party.
Any person voting in the primary ballot box of any political party in any primary election in contravention of the election law shall be guilty of a misdemeanor, and any person who aids or assists any such person in such violation by means of public proclamation or order, or by means of any public or private direction or suggestions, or by means of any help or assistance or cooperation, shall likewise be guilty of a misdemeanor.
Specifically, plaintiffs seek the following relief: a declaration that N.J.S.A. 19:23-45 is unconstitutional, null and void; an injunction restraining the respective defendants from acting thereunder or applying the provisions of the Primary Elections Law in any manner so as to deprive plaintiffs, and others similarly situated, of their full rights under the Constitution of the United States and New Jersey State Constitution; allowance of plaintiffs and others similarly situated to file a declaration of intent at some reasonable time to be set by this court after April 28, 1977, which is the filing date for candidates in the primary election; a declaration that all signers of petitions who are registered voters and qualified to vote shall not be deprived of the right to vote in the primary election by reason of the fact that they have failed to satisfy the declaration requirements of the Primary Elections Law.
*489 The named plaintiffs bring this action on behalf of themselves and on behalf of all other voters in New Jersey similarly situated who are allegedly disenfranchised and excluded from the party primary process by the provisions of the Primary Elections Law. Of the named plaintiffs three are residents of Hudson County and one resides in Bergen County. Two of the named plaintiffs are registered Democrats, one is a registered Republican and one is an "independent" voter.
Plaintiffs contend that the Primary Elections Law violates the First and Fourteenth Amendments of the United States Constitution and Art. I, pars. 1, 2, 18 and 21 of the Constitution of the State of New Jersey, in that it deprives them of their right to vote and to affiliate with political parties of their own choice and denies them equal protection.
The main effect of the Primary Elections Law is to require certain voters who intend to vote in a primary election to file a party declaration form 50 days before the election day. The voters who must file are voters who intend to vote in a political party other than their last primary vote and voters who registered to vote before May 11, 1976 and who never voted in a primary election. Voters who need not file are voters who shall vote in the same political party as their last primary vote and all voters who registered to vote since May 11, 1976.
It is well established that the right to vote is a basic constitutional right. Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); Kramer v. Union Free School Dist., 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965). Our democratic society is founded upon equal ability to express oneself by the exercise of the franchise. Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).
The United States Constitution gives the states control over the administration of the electoral process. U.S. Const., Art. I, § 2; Art. II, § 1. But the state may not violate *490 fundamental constitutional rights in carrying out this mandate. Dunn, Kramer and Carrington, all supra.
The right to associate with others for the common advancement of political beliefs and ideas is a fundamental one protected by the First and Fourteenth Amendments to the United States Constitution. NAACP v. Button, 371 U.S. 415, 430, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); Bates v. Little Rock, 361 U.S. 516, 522-523, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960); NAACP v. Alabama, 357 U.S. 449, 460-461, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). The freedom to associate with the political party of one's choice is an important part of this right. Williams v. Rhodes, 393 U.S. 23, 30, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).
The right to vote in a party primary is as protected as voting in a general election, Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); Terry v. Adams, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953); U.S. v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), and cannot be encroached upon by the state. NAACP v. Alabama, supra; Bates, supra; Gibson v. Florida Legislative Investigation Comm., 372 U.S. 539, 83 S.Ct. 889, 9 L.Ed. 2d 929 (1963).
It appears from recent decisional law that courts are tending to apply the traditional "rational basis" test in reviewing the constitutionality of the kind of primary election statute which is the subject of this litigation. Rosario v. Rockefeller, 410 U.S. 752, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973); Nader v. Schaffer, 417 F. Supp. 837 (D. Conn. 1976), aff'd 429 U.S. 989, 97 S.Ct. 516, 50 L.Ed.2d 602 (1976).
The primary purpose of the party declaration requirement in the statute in question is to prevent party "raiding." "Raiding" has been defined as the practice "whereby voters in sympathy with one [political] party designate themselves as voters of another party so as to influence or determine the results of the other party's primary." Rosario, supra, 410 U.S. at 760, 93 S.Ct. at 1250. See also, Nagler v. Stiles, *491 343 F. Supp. 415 (D.N.J. 1972).[1] The state has a legitimate interest in preventing "raiding" or crossover voting so long as it does not unreasonably encroach upon the constitutional rights of the voter. Nader, Rosario and Nagler, all supra.[2]
Defendants cite Rosario to support their contention that New Jersey is permitted to enact, without occasioning any constitutional violation, the kind of restriction encompassed by the Primary Elections Law on the exercise of the right to vote and the right of political affiliation for the purpose of minimizing primary election "raiding." In Rosario the United States Supreme Court upheld a New York statute that discouraged raiding by requiring voters to enroll with a political party 8 months prior to a presidential primary and 11 months prior to a nonpresidential primary as a prerequisite to participation in the party's primary election. The court cited the "legitimate and valid state goal" of preserving the integrity of the electoral process. 410 U.S. at 761, 93 S.Ct. 1245. Although the lengthy duration of the restriction served to divide the court into a 5-4 majority, there was unanimity that a state "is certainly justified in imposing some reasonable cutoff point for registration or party enrollment, which citizens must meet in order to participate in the next election." Ibid. at 765, 93 S.Ct. at 1253 (Powell, J., dissenting). See also, Kusper v. Pontikes, 414 U.S. 51, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973).
It is apparent that the New Jersey statute is not as restrictive as the one approved in Rosario. The 50-day cutoff is significantly shorter than the 8-month and 11-month deadlines contained in the New York statute. And, unlike the New York statute, it does not affect new residents or newly *492 registered voters, a feature that subsequent to the Rosario opinion was declared unconstitutional as a durational residency requirement. Echevarria v. Carey, 402 F. Supp. 183 (S.D.N.Y. 1975), aff'd without opinion 538 F.2d 309 (2 Cir.1976), vacated and remanded for mootness, 429 U.S. 808, 97 S.Ct. 44, 50 L.Ed.2d 68 (1976). Like the New York law, the New Jersey statute applies equally to voters changing party affiliation as well as "independents" or unaffiliated voters declaring in favor of a political party.[3] Furthermore, neither the New York nor the New Jersey restrictions demand abstention from a primary election as the price of changing party affiliation. Cf. Kusper and Nagler, supra. The New Jersey statute merely requires that a voter who is not affiliated with a political party by virtue of a previous declaration or previous primary participation and who is not excused as a newly registered voter, must file a declaration for a party on or before the 50th day preceding the primary election.
Plaintiffs attempt to distinguish between the primary election law upheld in Rosario and N.J.S.A. 19:23-45 by pointing out that the law in Rosario was upheld as a valid means of curbing party raiding because it provided an insulating general election between voter enrollment and the next party primary which the New Jersey law does not provide. This argument is without merit. The fact that New Jersey has chosen a significantly shorter cut-off period which postdates the general election does not raise a constitutional infirmity. Plaintiffs' position is not strengthened because the Legislature decided not to impose the maximum waiting period permitted by the Constitution. Nader, supra. In Rosario, the United States Supreme Court commented upon the appropriateness of a waiting period encompassing a general election to rebut the argument that the New York statute *493 which went back 8 or 11 months to a point before the previous general election was too long. Surely, if the Supreme Court had intended to articulate the astonishing result that the Constitution permitted enrollment statutes only if they were so long as to preclude any enrollments between the general election and the subsequent primary, it would have done so in unambiguous and forthright language. Furthermore, if such a result were intended, the court's subsequent affirmance of a Connecticut enrollment statute that does not encompass an "insulating general election" is entirely inexplicable. Nader, supra.
Plaintiffs urge this court to strike down or amend the declaration requirement so that affiliation be required only after the filing of primary candidate petitions, which occurs 40 days before the primary election.[4] This argument ignores the principal purposes of the restriction, that is, to commit voters to party philosophies at a cut-off point that effectively minimizes opportunities for "raiding." The State has a legitimate interest in "preserving parties as viable and identifiable interest groups; insuring that the results of primary elections, in a broad sense, accurately reflect the voting of party members." Nader, supra. Neither Rosario nor Nader contains any suggestion that it is constitutionally impressible to require declarations in advance of closing the field of primary candidates. Indeed, in view of the lengthy restrictions of Rosario and the six-month deadline sustained in Nader it is patently clear that there is no constitutional peril to the course charted in New Jersey. The Constitution does not require a state to adopt ineffectual means. Rosario, supra.
Plaintiffs next contend that "independents" or unaffiliated voters should not be included in the declaration requirements of the Primary Elections Law. Plaintiffs' position simply ignores that independents are not "interested" *494 and "affected" by primary elections "in the crucial, distinguishing aspect" that party members are. Nader, supra at 848. As observed by the Nader court:
Plaintiffs' refusal to join any of these voluntary associations, which are organized for the purpose of effectuating their members' political goals, is fundamentally inconsistent with any claim that plaintiffs are as `interested' as party members in the outcome of the party nominating process. [417 F. Supp. at 848]
Furthermore, party declaration serves the important function of providing candidates for the party's nomination with the means of knowing who is in the electorate. Since the petitioners in Rosario and Nader were independent or unaffiliated voters, their inclusion in the declaration requirement of the New Jersey Primary Elections Law cannot be said to be violative of equal protection and therefore unconstitutional.
Plaintiffs attack the omission of "newly registered voters"  that is, voters who have registered after the close of registration for the previous primary, or post-May 11, 1976 registrants  from the declaration requirements of the Primary Elections Law. The residency qualifications for New Jersey voters is 30 days in both the state and resident county.[5] Since voters must enroll 50 days prior to a primary, new residents who meet the 30-day durational residency requirement could be disenfranchised if they do not meet the residential requirement on or before the 50th day prior to a primary election. Therefore, their inclusion in the primary declaration statute would impose an additional durational residency requirement not imposed on other classes of voters. Unlike the voters in Rosario and Nader, new voters therefore could, if included, be barred from voting through no fault or neglect of their own. Echevarria, supra. New voters pose the least threat to the *495 interest the State is trying to protect because "it is unrealistic to assume that many out-of-state persons will undertake the expense and suffer the inconvenience of moving to and establishing residency in New York simply so that they may raid a party's primary election," Echevarria, supra, and their exclusion from the declaration requirements is accordingly a legitimate and constitutionally permissible legislative determination and not a violation of equal protection.
Plaintiffs also challenge that section of the Primary Elections Law which provides that
A member of the county committee of a political party and a public official or public employee holding any office or public employment to which he has been elected or appointed as a member of a political party shall be deemed a member of such political party.
However, plaintiffs have not made any allegation that they come within this section and that their primary votes could be affected thereby, or that they know of any person who in fact has utilized this provision. The settled policy of the law in this state is to refuse advisory opinions and refrain from functioning in the abstract in a declaratory judgment action. Wagner v. Ligham, 37 N.J. Super. 430 (App. Div. 1955). The legal effect of this provision is unclear, and in the absence of concrete issues actually in controversy the issue should not be considered here. Milk Drivers, etc., Local 680 v. Cream-O-Land Dairy, 39 N.J. Super. 163 (App. Div. 1956). Further, where constitutional rights are asserted, the question of standing will be considered since the United States Supreme Court might dismiss an appeal from a state court based on an asserted right guaranteed by the Federal Constitution for lack of standing. Bonnet v. State, 141 N.J. Super. 177, 198-200 (Law Div. 1976).
One of the plaintiffs states, by affidavit that she did sign a nominating petition for a party candidate in the forthcoming primary election. Plaintiffs contend that a *496 nominating petition for a candidate filed before the 50-day period should serve for those persons whose signatures appear thereon in lieu of a signed party declaration form. Plaintiffs urge that to require a person who signs a nominating petition to also sign a party declaration form is an unnecessary requirement and an onerous burden. They maintain that a nominating petition form whereon persons who sign such a form indicate their party affiliation serves the same purpose as a party declaration form and, therefore, is a duplication of effort and not necessary. I disagree.
The State argues persuasively that since the nominating petition merely sets forth a person's intent to affiliate with a political party, the nominating petition does not serve the same purpose, and the party declaration form should also be signed and filed in order that the declaration requirement of the statute be met and the voters actual party affiliation be expressly declared. The State also points out that if the nominating petition form could serve in place of the primary declaration form, an intended candidate whose petition has been signed may decide thereafter not to run for office and not file the petition. In such case the signer who would not have been obliged to file the declaration form would then be disenfranchised since the declaration form would have had to been filed before the nominating petition pursuant to the present statutory requirement. Plaintiffs counter with the argument that this relaxation in the statutory declaration requirement should apply only to those nominating petitions that were filed before the 50-day cut-off period for the filing of the party declaration form. It seems that the plaintiffs' suggested alternative to the filing of the declaration form is impractical and administratively burdensome. Additionally, it would lead to uncertainty on the part of the signer of the petition as to his fulfillment of the statutory declaration form requirement.
The court concludes that the Primary Elections Law is constitutional for the foregoing reasons.
*497 Finally, it should be noted that the State contends that the complaint is deficient in that it omits the superintendents of elections in the other five counties besides Hudson as parties to the action. The State argues that since the superintendents are in charge of the registration of voters pursuant to the Primary Elections Law, they are responsible for the execution of voter declaration forms and are thus necessary parties. Since the court has upheld the constitutionality of the Primary Elections Law, this issue is now moot and does not require a resolution. See Oxfeld v. New Jersey State Bd. of Ed., 68 N.J. 301 (1975); Anderson v. Sills, 143 N.J. Super. 432 (Ch. Div. 1976).
The complaint is dismissed.
NOTES
[1] See Comment, "The Right to Vote and Restrictions on Crossover Primaries," 40 U. Chi. L. Rev. 636 (1973).
[2] See Comment, "Primary Elections; The Real Party in Interest," 27 Rutg. L. Rev. 298, 206-311, for an exhaustive analysis of the legislative policies supporting this state interest.
[3] The Rosario petitioners had just become eligible voters and therefore were unaffiliated voters attempting to make their first party enrollment.
[4] See N.J.S.A. 19:23-14.
[5] See N.J.S.A. 19:31-5.