LASSER, P.J.T.C.
This is a motion by the Director of the Division of Taxation seeking to dismiss taxpayer’s complaint for lack of subject matter jurisdiction and for taxpayer’s failure to exhaust administrative remedies. Taxpayer contests the Director’s determination that taxpayer’s property was not used for railroad purposes within the meaning of N.J.S.A. 54:29A-1 et seq. and, therefore, for the year 1983 the property is not assessable by the State of New Jersey under this act. The consequence of this determination is that local taxing districts may assess a local property tax against the property. Only one local taxing district, Sparta Township, imposed a local property tax assessment on the subject property for the year 1983. The local property tax on the property in Sparta for 1983 was $1,742.04.[1] Taxpayer seeks to have this tax invalidated by a determination of this court that the Director was in error in finding that the property was not assessable by the State as railroad property. Taxpayer did not contest the Sparta local property tax assessment by filing an appeal with the Sussex County Board of Taxation prior to August 15, 1983, the filing deadline. In a May 24,1984 amendment to the complaint, Sparta was added as a defendant.
The assets of the New York Susquehanna and Western Railroad were purchased by the Delaware Otsego System about 1981. On November 24, 1981 the president of Delaware Otsego wrote to the Director requesting that the main line from Beaver Lake to Sparta Junction be assessed as railroad property under the New Jersey Railroad Property Tax Act. With the exception of a portion of this line from Oak Ridge to Vernon-Stockholm Road used by the Morris County Central Railroad Company, this railroad line was not assessed by the State of New Jersey under the Railroad Property Tax Act from 1971 to 1982, a *578 determination having been made each year by the Director that the property was not used for railroad purposes.
In making his investigation for the 1983 tax year, the Director was informed by a representative of the Morris County Central Railroad that it has not operated since October 1980. The balance of the line has been inactive for 12 or 13 years. The Director determined that the tracks were disconnected at Sparta Junction and that a wash-out at the Smoke Rise Development isolated 21.5 miles of the railroad line, preventing any railroad activity.
The railroad contends that the line has not been legally abandoned, stating that neither Interstate Commerce Commission nor New Jersey Department of Transportation approval has been granted for abandonment and that the railroad intends to rehabilitate the line and use it for railroad purposes.
By letter dated November 9, 1982 the Director advised the railroad that “railroad use within the meaning of the law has not been established.” The letter stated that this determination was a final determination and that the taxpayer had the right to appeal to the Tax Court of New Jersey within 45 days of the date of the letter.[2] Taxpayer filed a complaint with the Tax Court on December 23, 1982 contesting the Director’s determination.
In his answer, filed February 10, 1983, the Director stated, among other things, that:
The Tax Court of New Jersey is without jurisdiction to hear or decide this controversy because no appeal may be taken by a taxpayer from a determination by the Director of the Division of Taxation that property is not used for' railroad purposes because no tax assessment has been made. In such circumstances taxpayer is required to appeal and challenge the tax assessment, if any, made on the subject property by the taxing district in which the property is located.
Railroad property not used for railroad purposes is subject to local property tax in the same manner as other real property in *579 the taxing district. N.J.S.A. 54:29A-4, -11 and N.J.S.A. 54:4-3.11. If the taxing district had imposed a local property tax for a year for which the Director found the property to be subject to the state railroad property tax (dual assessment), the Tax Court would have express statutory jurisdiction to determine which of the two taxes should be applied. N.J.S.A. 54:29A-43.-1. There is no specific provision in the Railroad Property Tax Act which permits an appeal to the Tax Court from a determination by the Director that the property is not subject to the Railroad Property Tax Act. The statute speaks only in terms of contest of assessments. See N.J.S.A. 54:29A-31, -33, -43.1 and -43.3.
The Director contends that the general grant of jurisdiction to the Tax Court in N.J.S.A. 2A:3A-4.1 to review any act, action, proceeding, ruling, decision, order or judgment of the Director is superseded by the specific provision of the Railroad Property Tax Act, which only permits court review of an assessment, not of a nonassessment.
The Director also contends that because taxpayer failed to contest the 1983 Sparta local property tax assessment before the Sussex County Board of Taxation, it failed to exhaust its administrative remedies and, therefore, the Tax Court may not hear this case.
Taxpayer contends that the Tax Court has jurisdiction to hear this complaint contesting the action of the Director and that, because jurisdiction exists, the case should be heard by the Tax Court.
The statutory scheme for contesting local property tax assessments requires that the taxpayer first seek review before the county board of taxation. N.J.S.A. 54:3-21.[3] See also R. 8:2(c). This review must be sought on or before August 15 of the tax year. A complaint to seek review in the Tax Court *580 must be filed within 45 days of the service of the judgment of the county tax board. N.J.S.A. 54:51A-9(a). Timely filing is an essential jurisdictional requirement. See Prospect Hill Apartments v. Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 227, 411 A.2d 737 (Tax Ct.1979).
Taxpayer did not contest the Sparta local property tax assessment by timely filing a petition of appeal with the county tax board in accordance with the statutory mandate, in spite of advance notice in defendant’s answer that the same was required. In the absence of a timely-filed petition, this Court does not have jurisdiction to entertain a claim contesting the Sparta local property tax assessment. No reason has been advanced by taxpayer which would support a tolling of the statutory time period.[4]
Taxpayer relies on Jersey City v. Armed Realty Corp., 45 N.J.Super. 49, 131 A.2d 549 (App.Div.1957), for the proposition that the Tax Court has jurisdiction in the subject case and should exercise it. In Armed, the State and the city imposed dual tax assessments on taxpayer’s property and the issue of whether the property was used for railroad purposes was first contested by the filing of a petition with the county board of taxation. The board’s decision was appealed to the Division of Tax Appeals and ultimately to the Appellate Division of the Superior Court. Unlike the subject case, that local property tax assessment was contested by the timely filing of a petition of appeal to the county tax board. The court indicated that because of the dual impositions the case could have gone directly to the Division of Tax Appeals[5] under N.J.S.A. 54:29A- *581 43.1, id. at 55, 131 A.2d 549, but the subject case is not one of dual impositions.
Taxpayer also cites Lehigh Valley Railroad Co. v. Zinc, 136 N.J.L. 251, 55 A.2d 237 (Sup.Ct.1947), and N.Y. Central R.R. Co. v. Tax Appeals Div., 137 N.J.L. 472, 60 A.2d 619 (Sup.Ct. 1948), for the proposition that the court may resolve the issue of “use for railroad purposes.” Lehigh Valley R.R. Co. v. Zinc also involved dual assessments by the State and the City of Jersey City. The decision does not explain why the court entertained an order to show cause to determine the character of the property instead of following the statutory review procedure.
N.Y. Central R.R. Co. v. Tax Appeals Div., supra, involved a 1945 tax assessment by the Town of West New York against property owned by the New York Central Railroad Company. The railroad appealed to the Hudson County Board of Taxation and then to the Division of Tax Appeals. Failure to timely file with the county tax board was not an issue in that case.
The Legislature established a filing deadline of August 15 of the tax year to achieve finality of assessment and avoid disruption of municipal budget procedures. See Flint v. Lawrence Tp., 6 N.J.Tax 97, 105 (Tax Ct.1983). Taxpayer’s May 24, 1984 amendment of its complaint to add Sparta Township as a defendant is not a substitute for the filing of a petition with the county board of taxation by August 15, 1983 to contest the Sparta assessment.
Taxpayer seeks a determination that: (1) the Director’s decision was incorrect and the property should be subject to the railroad property tax, and (2) the Sparta assessment should be set aside. The statutory deadline for review of the local property tax assessment having passed, taxpayer cannot seek to have the Sparta tax assessment reviewed by contesting the Director’s determination not to assess railroad property tax against the property. This court’s review of the Director’s determination cannot affect the Sparta tax assessment.
*582 In view of the lack of jurisdiction to review the Sparta tax assessment, the issue of the Director’s determination is moot. An issue is “moot” when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy. Black’s Law Dictionary (5 ed. 1979) at 909. It is the policy of the courts of this State “to refrain from rendering advisory opinions, from deciding moot cases, or generally from functioning in the abstract, and ‘to decide only concrete contested issues conclusively affecting adversary parties in interest.’ [Citation omitted].” New Jersey Turnpike Auth. v. Parsons, 3 N.J. 235, 240, 69 A.2d 875 (1949); Friedland, v. State, 149 N.J.Super. 483, 374 A.2d 60 (Law Div.1977).
Taxpayer’s complaint is dismissed for lack of jurisdiction for failure to comply with the statutory filing requirement for contesting the Sparta local property tax assessment. As a consequence, a review of the Director’s determination is moot. The Clerk of the Tax Court will enter a judgment dismissing the complaint.

Although the actual tax assessment is not stated in the pleadings or motion papers, at the 1983 Sparta tax rate of $5.40 per $100 of assessment, it appears that the assessment is $32,260.

N.J.S.A. 2A:3A-4.1 established a general 90-day time limit within which to challenge a determination by the Director, notwithstanding any provision of law to the contrary.

 A statutory exception permits a direct appeal to the Tax Court in cases where the assessment exceeds S750,000. N.J.S.A. 54:3-21. Taxpayer’s assessment does not come within this exception.

Taxpayer has not contended that following the statutory review procedure would be futile or cause irreparable harm so as to justify a relaxation of the requirement that it exhaust administrative remedies. Brunetti v. Borough of New Milford, 68 N.J. 576, 589, 350 A.2d 19 (1975); Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 141, 179 A.2d 729 (1962); Naylor v. Harkins, 11 N.J. 435, 444, 94 A.2d 825 (1953).

The words "Division of Tax Appeals” (the predecessor of the Tax Court) have been amended to read "Tax Court” in N.J.S.A. 54:29A-43.1.