NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2362-15T2

MILL POINTE CONDOMINIUM
ASSOCIATION, INC.,

 Plaintiff-Appellant,

v.

ASAD A. RIZVI a/k/a SYED
RIZVI,

 Defendant-Respondent.
_________________________________

 Telephonically argued April 4, 2017 – Decided April 13, 2017

 Before Judges Sabatino, Haas and Currier.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Docket No. L-
 3706-14.

 Jeffrey S. Mandel argued the cause for
 appellant (Mr. Mandel, attorney; Mr. Mandel
 and Joseph A. Kutschman, III, on the briefs).

 Brett L. Messinger argued the cause for
 respondent Deutsche Bank National Trust
 Company (Duane Morris LLP, attorneys; Mr.
 Messinger, Stuart I. Seiden, and Kelly K.
 Bogue, of counsel and on the briefs).

 Respondent Asad Rizvi a/k/a Syed Rizvi has not
 filed a brief.

PER CURIAM
 This matter stems from the failures of a condominium unit

owner to make payments on both his delinquent residential mortgage

loan due to his lender's assignee and unpaid common expense

assessments due to appellant, Mill Pointe Condominium Association,

Inc. ("the Association").

 The Association obtained a judgment in the Law Division in

February 2015 against the unit owner, Asad A. Rizvi,1 for the

unpaid assessments, pursuant to the terms of the condominium

property's master deed and N.J.S.A. 46:8B-17 (authorizing common

expense assessments). The amount of the judgment was $19,444.61.

 In the meantime, respondent Deutsche Bank National Trust

Company ("the Bank") in its capacity as trustee for a trust

covering certain home equity mortgage loans, including Rizvi's

loan, filed a foreclosure complaint in the Chancery Division under

Docket No. F-36787-13, to foreclose on the unpaid mortgage note.

The Association was named as a defendant in the foreclosure case

and filed a non-contesting answer.

 It is undisputed that the condominium unit has been vacant

for a substantial period of time and has not been rented out to a

tenant. Given the continued pendency of the mortgage foreclosure

litigation and the Association's difficulties in collecting on its

1 Rizvi, who is also known as Syed Rizvi, has not participated in
this appeal, nor did he participate in the motion proceeding below.

 2 A-2362-15T2
unpaid judgment, the Association moved in the Law Division for the

appointment of a rent receiver, relying on the general terms of

N.J.S.A. 2A:17-66. The Association anticipated that, if such a

rent receiver were appointed, the unit could be leased and the

proceeds of the monthly rent could be applied, in full or in part,

to the Association's outstanding judgment and debts due to other

creditors. The Association does not dispute, however, that the

bank's secured mortgage rights generally have priority over its

own judgment as an unsecured creditor, subject to lien issues we

need not discuss here.

 Over objection, the Law Division required the Association to

serve its motion for the appointment of a rent receiver on the

Bank as an interested party. The Bank then filed opposition to

the motion, asserting that the requested relief and the

commencement of a leasehold with a third-party tenant in the unit

would interfere with the orderly completion of the foreclosure

litigation. The tenancy would also force the Bank allegedly

against its will to, in effect, become a landlord. The Association

countered that the literal terms of N.J.S.A. 2A:17-66 permit it

to seek a rent receiver, and that the Bank's concerns about

interference with its foreclosure rights were overstated. The

Association urged that the property not remain vacant and

unproductive while the foreclosure case dragged on indefinitely.

 3 A-2362-15T2
Meanwhile, the Chancery judge in the foreclosure action entered

default against Rizvi, the unit owner.

 The Law Division judge denied the Association's motion,

without prejudice to the Association's ability to pursue an

application for the appointment of a rent receiver in the

foreclosure action. The Association then filed the present

appeal. Although the order appealed from was expressly "without

prejudice," it effectively terminated the case on the Law Division

docket, and we shall treat it as final for purposes of our

appellate jurisdiction. See R. 2:2-3(a)(1); Silviera-Francisco

v. Bd. of Educ., 224 N.J. 126, 136 (2016).

 When it became apparent from the parties' appellate briefing

that the trial court had not furnished adequate reasons in ruling

on the motion, see Rule 1:7-4(a), we remanded the matter to the

court to supply such a statement. The motion judge recently issued

the requested statement in a two-page letter. The parties

thereafter were afforded the opportunity to file supplemental

briefs addressing the trial court's reasons, which they

respectively submitted.2 Those supplemental briefs revealed that

a final judgment of foreclosure was very recently entered in favor

2 At our request, counsel also briefed whether the Administrative
Director's Notice to the Bar dated September 16, 1982 concerning
certain issues relating to the handling of foreclosure matters has
any bearing on the issues raised here.

 4 A-2362-15T2
of the Bank on March 7, 2017. The Bank has requested the Sheriff

to schedule a sale of the property, which is expected to occur in

approximately the next month or two.

 Although we appreciate the diligent and forceful advocacy of

counsel in addressing the issues on appeal, we decline to address

them, due to mootness consideration. In general, "our courts

normally will not entertain cases when a controversy no longer

exists and the disputed issues have become moot." De Vesa v.

Dorsey, 134 N.J. 420, 428 (1993) (citing Oxfeld v. N.J. State Bd.

of Educ., 68 N.J. 301, 303-04 (1975)). An issue has become moot

"when the decision sought in a matter, when rendered, can have no

practical effect on the existing controversy." N.Y. Susquehanna

& W. Ry. Corp. v. State Dep't of Treasury, Div. of Taxation, 6

N.J. Tax 575, 582 (Tax Ct. 1984) (internal citations omitted),

aff'd, 204 N.J. Super. 630 (App. Div. 1985); see also Betancourt

v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010).

 Here, as we have noted, there is now a final judgment in the

foreclosure matter, which conclusively establishes the Bank's

rights of priority and to have the property sold. Although the

sheriff's sale has not yet occurred, and it is theoretically

possible that the Association or some other creditor may wish to

bid on the property, the "practical effect" of adjudicating the

 5 A-2362-15T2
issues posed on appeal by the Association at this time is virtually

negligible. Susquehanna, supra, 6 N.J. Tax at 582.

 We appreciate that the Association has raised interesting and

novel legal issues that could have widespread importance. Even

so, we conclude that this particular appeal is not currently an

appropriate setting to adjudicate those issues, let alone issue

any precedential opinion on the subject. The rent receiver issues

are not of a nature "capable of repetition, yet evading review."

Roe v. Wade, 410 U.S. 113, 125, 93 S. Ct. 705, 713, 35 L. Ed. 2d

147, 161 (1973); see also Finkel v. Twp. Comm. of Twp. of Hopewell,

434 N.J. Super. 303, 313 (App. Div. 2013) (internal citations

omitted). If the issue arises again in a similar situation at the

trial level,3 the unsuccessful party may file an appeal and, if it

or its adversary so chooses, move to accelerate the appeal,

advising this court of the time factors involved. Although we

cannot presume that such acceleration would be granted, an

expedited appeal could provide a possible manner to adjudicate the

issues before a final judgment of foreclosure and a sheriff's

sale.

3 Appellant's counsel represented to us during oral argument that
he is aware of at least one instance in another county in which a
Law Division judge has appointed a rent receiver for a condominium
unit while a mortgage foreclosure action for the property was
pending in the Chancery Division.

 6 A-2362-15T2
 In any event, to the extent that the respective counsel or

their clients in this appeal are "repeat players" in matters of

this type, we invite them to write to the Civil Practice Division

of the Administrative Office of the Courts, and suggest methods

for statewide standardized practice to deal with such overlapping

dockets and issues.

 That said, for sake of completeness, we are not persuaded

that this matter, as the Association urges, should be remanded to

the Law Division. Given the present posture of this matter, we

discern no sensible justification to impose such a remedy at this

time. It is clear that if the trial court considered such an

appointment on remand, and the final judgment of foreclosure still

remained intact, it would not be an abuse of discretion for the

court to decline such a request. We need not otherwise address

the merits of this case, including the various points expressed

in the trial court's amplification letter.

 For the foregoing reasons, the appeal is dismissed, without

prejudice to the Association pursuing other remedies to collect

on its judgment.

 7 A-2362-15T2