**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3405-17T3

IN THE MATTER OF M.E.,
an Alleged Incapacitated Person.

_____

Submitted May 28, 2019 – Decided June 5, 2019

Before Judges Haas and Susswein.

On appeal from Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. P-248239.

M.A.E., appellant pro se.

Hanlon Niemann & Wright, PC, attorneys for respondent M.L. (Kimberlie A. Fiero, on the brief).

PER CURIAM

In this guardianship matter, appellant M.A.E. appeals from the Probate Part's February 20, 2018 order appointing his sister M.L. as the guardian of the person and estate of their mother, M.E., who was ninety-eight years old and incapacitated due to illness. Unfortunately, M.E. passed away on April 28, 2018, approximately three weeks after M.A.E. filed this appeal.

As set forth in paragraph thirteen of the February 20 order, M.E.'s death terminated the guardianship. Therefore, the issues raised in the appeal are now moot. "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). "An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (internal quotation marks omitted) (quoting N.Y. Susquehanna & W. Ry. Corp. v. State Dep't of Treasury, Div. of Taxation, 6 N.J. Tax 575, 582 (Tax Ct. 1984)).

Here, the guardianship has been terminated as a result of M.E.'s death. Thus, resolution of the issues presented by M.A.E.'s challenges to that appointment is no longer necessary. Consequently, we dismiss the appeal as moot.

In so ruling, we are mindful that we earlier denied M.L.'s motion to dismiss the appeal as moot, stating at that time that the appeal was "not moot because the order under review granted fees" to M.L.'s attorney in connection with the filing of the guardianship motion. However, we have now had the benefit of the parties' merits briefs, which make clear that it was M.E.'s estate,

rather than M.A.E., that was responsible for the payment of these fees. Thus, we are now satisfied that the appeal is moot as to all issues presented, including the award of counsel fees.

However, even if this issue was not moot, we conclude that M.A.E.'s argument that the fees were excessive is meritless. R. 2:11-3(e)(1)(E). Attorney "fee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (internal quotation marks omitted) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Contrary to M.A.E.'s contention, the fees sought by M.L.'s attorney were fully documented in the attorney's detailed certification of services. Under these circumstances, we discern no basis for disturbing the court's award requiring M.E.'s estate to reimburse the attorney for her reasonable fees and costs.

All other points raised on appeal by M.A.E. lack sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3405-17T3