**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3641-19

WILMINGTON SAVINGS
FUND SOCIETY, FSB, as
certificate trustee on behalf of
BOSCO CREDIT II TRUST
SERIES 2010-1,

     Plaintiff-Appellant,

v.

KAREEM RAPOSO and
LOURDES RAPOSO,

     Defendants-Respondents.

_____

Submitted May 5, 2021 – Decided July 1, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2983-19.

Mark Golab, attorney for appellant.

Thomas M. Egan, attorney for respondents.

PER CURIAM

In this case, the trial court found plaintiff Wilmington Savings Fund Society, FSB (Wilmington Savings), as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1's cause of action on a note was barred by the one-year statute of limitations found in N.J.S.A. 2A:50-8, and thus dismissed with prejudice. We affirm.

On November 30, 2006, defendants Kareem Raposo and Lourdes Raposo[1] purchased real property located in Paterson. They borrowed $200,000 from Decision One Mortgage Company, LLC (Decision One), secured by a first mortgage and note assigned to Mortgage Electronics Registration Systems, Inc. (MERS). They borrowed an additional $50,000 from Decision One, this loan secured by a second mortgage and note signed the same day and immediately assigned to MERS.

On February 3, 2009, MERS, as nominee for Decision One, transferred the first mortgage to Deutsche Bank National Trust Company (Deutsche Bank), as trustee for HIS Asset Securitization Corporate Trust, 2007-HE2. On February 10, 2009, Deutsche Bank filed a foreclosure action against defendants, naming MERS as nominee for Decision One a defendant in that proceeding because of

---

[1] Jose Raposo was also a named borrower and mortgagor in these transactions. His debts were discharged in a 2011 bankruptcy, and thus he was not named a defendant in this action.

the second mortgage lien. A foreclosure final judgment totaling $357,583.52 was entered against defendants, and the property was sold at a sheriff's sale on April 8, 2014, extinguishing the second mortgage.

At some unspecified point in time, after the foreclosure proceedings, Decision One's interest in the second mortgage note was acquired by Wilmington Savings. On September 23, 2019, Wilmington Savings filed a complaint seeking to "collect a debt pursuant to [] either a [n]ote or [m]ortgage between [d]efendants and Decision One . . . ." Lourdes Raposo was served October 21, 2019, and Kareem Raposo on February 4, 2020.

On March 31, 2020, Wilmington Savings filed a motion for entry of a default judgment, its first filing subsequent to the complaint. The Raposos cross-moved that any order of default that may have entered be vacated and the matter be dismissed for failure to state a claim upon which relief could be granted, asserting that the applicable one-year statute of limitations, N.J.S.A. 2A:50-8, had expired. See R. 4:6-2(e).

Wilmington Savings argued that the exception found in N.J.S.A. 2A:50-2.3(d) applied, acting as a defense to the one-year limit. Nonetheless, the court dismissed the complaint with prejudice.

Judge Vicki A. Citrino, in a cogent written decision, noted preliminarily that Wilmington Savings had not requested the entry of a default. See R. 4:43-1. She further noted that Wilmington Savings "has failed to provide any evidence of a chain of title showing that it owns the rights to the note or mortgage on which it seeks collection." The complaint itself lacks any narrative explaining the manner in which Wilmington Savings acquired its interest in the $50,000 note in dispute.

Acknowledging that pursuant to Rule 4:6-2(e), motions to dismiss should rarely be granted, Judge Citrino observed that a statute of limitations bar presents one of those instances. N.J.S.A. 2A:50-8 requires a lender to collect on a bond or note, originally secured by a mortgage, within one year of a foreclosure judgment or "be thereafter completely and forever barred for lapse of time." She distinguished the exception found in N.J.S.A. 2A:50-2.3(d) because Decision One was the lender on both mortgages and notes. That statute establishes the statute does not apply:

> [w]here a banking institution . . . operating pursuant to State or Federal law, is the lender, and the mortgage is given to secure payment of a loan evidenced by a note, and where the mortgage so given is subject to the lien or liens of a prior mortgage or mortgages not held by such institution or association or by any holder in which such institution or association has an interest or with which such institution or association has an affiliation.

4

[N.J.S.A. 2A:50-2.3(d).]

Additionally, the principal case Wilmington Savings offered in support of its claim to the exception, Central Penn National Bank v. Stonebridge Ltd., 185 N.J. Super. 289, 297-304 (Ch. Div. 1982), merely reiterated the statutory scheme. The judge concluded that the case stands for the proposition that the exception to the one-year statute of limitations applies only if the original lenders are not the same institution.

Wilmington Savings on appeal asserts the following:

POINT I

THE TRIAL COURT ERRED WHEN IT FOUND THAT DEFENDANTS DEMONSTRATED SUFFICIENT GOOD CAUSE UNDER R. 4:50-1.

POINT II

THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFF'S COMPLAINT WITH PREJUDICE AS TIME BARRED PURSUANT TO N.J.S.A. 2A:50-8 AND FAILED TO CONSIDER THE APPLICABLE EXCEPTION CONTAINED IN N.J.S.A. 2A:50-2.3([d]).

POINT III

BASED ON THE APPLICABILITY OF THE EXCEPTION CONTAINED IN N.J.S.A. 2A:50-2.3([d]), THE CONTROLLING STATUTE OF LIMITATIONS IS N.J.S.A. 12A:3-118([a]).

We address only Wilmington Savings' claim the judge misapplied the statute of limitations, as the remaining points are made moot by our decision. Greenfield v. N.J. Dep't of Corrs., 382 N.J. Super. 254, 257-58 (App. Div. 2006) ("An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." (quoting N.Y. S&WR Corp. v. State Dep't of Treasury, Div. of Tax'n, 6 N.J. Tax. 575, 582 (Tax Ct. 1984))).

Wilmington Savings' argument is that the exception to the one-year statute of limitations found in N.J.S.A. 2A:50-2.3(d) applies because it is a different banking institution than the one which held the original first and second mortgages. Wilmington Savings, however, for purposes of this analysis, stands in the shoes of Decision One.

Wilmington Savings provides no information regarding its acquisition of the $50,000 note and the right to collect on that indebtedness, much less documentation that the note was acquired prior to foreclosure on the first mortgage and the subsequent sheriff's sale. We do know, however, that Decision One, Wilmington Savings' predecessor-in-interest, as we have said, was a named party to the foreclosure proceedings. Wilmington Savings does not claim that

6

its predecessor-in-interest failed to receive notice of the foreclosure proceedings.

Nothing in the statute's legislative history aids our interpretation. The meaning of the statutory language of N.J.S.A. 2A:50-2.3(d) is not clear in this context. And when we are required to interpret such language, we may draw inferences from the statute's overall structure and composition. See Invs. Bank v. Torres, 243 N.J. 25, 45 (2020). But if the exception was intended to apply to this scenario, its utility would be defeated. To avoid the statute of limitations bar, the lender named in a first and second mortgage would merely have to, after foreclosing on a first mortgage, assign the secondary obligation to another entity.

Furthermore, N.J.S.A. 2A:25-1 provides:

> All contracts for the sale and conveyance of real estate, all judgments and decrees recovered in any of the courts of this State or of the United States or in any of the courts of any other state of the United States and all choses in action arising on contract shall be assignable, and the assignee may sue thereon in his own name. In such an action, the person sued shall be allowed, not only all set-offs, discounts and defenses he has against the assignee, but also all set-offs, discounts and defenses he had against the assignor before notice of such assignment was given to him.

A-3641-19

The courts of New Jersey "broadly construe[] this statutory provision" and the note at issue here qualifies as a "chose in action" for purposes of this statute. See Kimball Int'l, Inc. v. Northfield Metal Prods., 334 N.J. Super. 596, 612 (App. Div. 2000); N.J.S.A. 2A:25-1; see also Torres, 243 N.J. at 38-39 (noting "rights arising by contract are generally assignable"). In an action brought by the assignor of the note—Decision One—the Raposos would have been entitled to argue the statute of limitations defense codified at N.J.S.A. 2A:50-8.

Moreover, if the proper time to assess the applicability of this exception is at the date of execution of the secondary mortgage and note, then the result is even more evident as the original lender was the same for both mortgages. By the plain terms of N.J.S.A. 2A:25-1, defendants retain the right to raise this defense against plaintiff, the assignee of the note.

The mere fact that Decision One assigned the first mortgage and note and the second mortgage and note to different parties does not change the source of the funds or the lender. Wilmington Savings offers no precedent which leads us to a contrary result. It is the fact that Decision One was the original lender for both the first and second mortgage that makes the one-year statute of limitations applicable. Thus, its successor-in-interest is not entitled to the exception that

A-3641-19

would have been in play had the second mortgage lender been a different banking institution.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3641-19