# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0210-22

IN THE MATTER OF
THE CIVIL COMMITMENT
OF C.M., SVP-109-00.

_____

Argued December 5, 2023 – Decided January 2, 2024

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. SVP-109-00.

Catherine F. Reid, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Catherine F. Reid, on the briefs).

Stephen J. Slocum, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Stephen J. Slocum, on the brief).

PER CURIAM

C.M. appeals from the September 8, 2022, Law Division order continuing GPS[1] monitoring as a condition of his release from the Special Treatment Unit (STU), the secure custodial facility designated for the treatment of persons in need of involuntary civil commitment pursuant to the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38.  We dismiss the appeal as moot.

C.M. was initially committed under the SVPA in 2000.  His commitment was continued after yearly reviews and affirmed in unpublished opinions.  See In re Civil Commitment of C.M., No. A-3821-05 (App. Div. May 30, 2007); In re Civil Commitment of C.H.M., No. A-6137-02 (App. Div. June 28, 2004).  In our prior opinion, we described C.M.'s predicate offense as a 1987 "robbery and aggravated sexual assault of an adult female,"

> during which C.M. invaded the victim's home, grabbed her neck, demanded money, ripped off her clothes and tied her up.  He then forced his penis into the victim's mouth and attempted to penetrate her vaginally and anally.  He then forced her into the kitchen where he attempted to stab her with a dull knife.  The victim received two stab wounds before managing to escape.
>
> [In re Civil Commitment of C.M., slip op. at 5-6.]

C.M.'s prior history also included "the rape of a twenty-four-year-old woman."  Id. at 6.

---

[1] Global Positioning System (GPS).

Following an annual review hearing, C.M. was conditionally discharged from the STU pursuant to a consent order entered on July 3, 2019, effective July 16, 2019. "The [SVPA] sets up a regime of annual reviews of a committed individual to assess his or her need for continued commitment or conditional discharge." In re Commitment of W.Z., 173 N.J. 109, 120 (2002) (citing N.J.S.A. 30:4-27.35). A person who is eligible for conditional discharge under the statute must no longer "be likely to engage in acts of sexual violence because the person is amenable to and highly likely to comply with a plan to facilitate the person's adjustment and reintegration into the community" and "the court may order that the person be conditionally discharged in accordance with such plan." N.J.S.A. 30:4-27.32(c)(1).

C.M.'s discharge plan included several conditions, including being subjected to GPS monitoring. See In re Civil Commitment of E.D., 353 N.J. Super. 450, 456-57 (App. Div. 2002) ("To allow a person who has been committed as a sexually violent predator to be released without conditions may, in certain circumstances, place the safety and security of the public at risk" but the "risk of harm to society may be reduced by the person's mandatory compliance with conditions upon release.").

A-0210-22

On September 8, 2022, the trial court conducted a discharge review hearing pursuant to N.J.S.A. 30:4-27.32(c)(2), which requires a review hearing within six months of the imposition of discharge conditions. During the hearing, C.M. sought the removal of GPS monitoring. In support, C.M. asserted that since his discharge from the STU, he had not reoffended, had been compliant with required treatment, and had had no suspicious GPS trails. Following the hearing, the judge entered an order with an accompanying oral opinion continuing GPS monitoring along with the previously imposed conditions. This appeal followed.

On appeal, C.M. only challenges the continued imposition of GPS monitoring, arguing the judge's "evaluation of the evidence was not conducted against the standard outlined in the SVPA for continued imposition of restraints" and the resulting order was inconsistent with the federal and state constitutions. At oral argument, we were informed that at a subsequent discharge review hearing conducted on July 24, 2023, an order was entered discontinuing GPS monitoring. At our request, the parties submitted the attendant order. Because the only issue raised on appeal is continuing GPS monitoring as a condition of C.M.'s conditional discharge, the appeal is now moot.

A-0210-22

"Courts normally will not decide issues when a controversy no longer exists, and the disputed issues have become moot." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). "A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." Ibid. (quoting DeVesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring)). Stated differently, "an issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (internal quotation marks omitted) (quoting N.Y. Susquehanna & W. Ry. Corp. v. State Dep't of Treasury, 6 N.J. Tax 575, 582 (Tax 1984)).

We will consider an issue notwithstanding its mootness if it "presents a question that is both important to the public and likely to recur." Clymer v. Summit Bancorp., 171 N.J. 57, 65-66 (2002); see In re Civil Commitment of E.D., 183 N.J. 536, 540, 552 (2005) (electing "to address a challenge to the procedures used to revoke a committee's conditional discharge and to recommit under the [SVPA]" because the issues "may reoccur" but finding other issues raised by the committee moot). We elect to dismiss this appeal as moot.

Appeal Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0210-22