NEW YORK SUSQUEHANNA AND WESTERN RAILWAY CORPORATION, PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF TAXATION AND TOWNSHIP OF SPARTA, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 16, 1985—Decided October 28, 1985.

Before Judges MICHELS, GAULKIN and STERN.

*Gary Newman* argued the cause for appellant (*LaBue, Farber, Newman & Holstein,* P.A., attorneys; *Steven Irwin* and *Mandelbaum & Mandelbaum,* P.A., of counsel).

*Joseph L. Yannotti,* Deputy Attorney General, argued the cause for respondent State of New Jersey, Department of Treasury, Division of Taxation (*Irwin I. Kimmelman,* Attorney General, attorney; *Deborah T. Poritz,* Deputy Attorney General, of counsel).

PER CURIAM.

We affirm the judgment substantially for the reasons expressed in the opinion of Judge Lasser reported at 6 *N.J.Tax* 575 (Tax Ct.1984).

Plaintiff's challenge to the judgment is principally founded upon its contention that "the Tax Court erred in its ruling that the court did not have jurisdiction to hear an appeal from a final decision of the Division of Taxation." Our reading of Judge Lasser's opinion, however, satisfies us that he made no such ruling; we therefore do not determine whether the Tax Court does or does not have jurisdiction to entertain such an appeal.

We also do not address plaintiff's contention that "the taxpayer should not be required to engage in a useless and fruitless quagmire of multiple litigations." Plaintiff was faced with only a single municipal assessment for the year 1983. Judge Lasser thus was not called upon to determine whether some procedural remedy should be fashioned to avoid the burden of multiple and duplicative litigations. *Cf. Exxon Corp. v. Tp. of East Brunswick,* 192 *N.J.Super.* 329 (App.Div.1983), certif. den. 96 *N.J.* 312 (1984). We leave that question, together with the jurisdiction question, to another day and another case.

Affirmed.