**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1463-18T2

A.K.,

     Plaintiff-Appellant,

v.

C.G.,

     Defendant-Respondent.

_____

Submitted June 4, 2019 – Decided July 9, 2019

Before Judges Yannotti and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1718-17.

A.K., appellant pro se.

Snyder Sarno D'Aniello Maceri & Da Costa, LLC, attorneys for respondent (Angelo Sarno, of counsel and on the brief).

PER CURIAM

Plaintiff and defendant, his former wife, are engaged in ongoing custody and parenting time disputes concerning their one common child. The proceedings have been contentious, with both parties filing numerous motions and plaintiff filing several appeals. In this fifth appeal by plaintiff, he challenges an October 19, 2018 order that denied his motion to recuse a Family Part judge and awarded attorneys' fees to defendant. We dismiss, as moot, the portion of the appeal challenging the denial of the recusal because the matter has been administratively transferred to another Family Part judge. We affirm the attorneys' fees award.

I.

We summarize the facts and procedural history relevant to this appeal. The parties were married in December 2014. Shortly thereafter, they separated, and in May 2015, plaintiff filed a complaint in New York state court seeking an annulment. Eventually, in January 2016, a New York court entered a judgment that annulled the parties' marriage.

Meanwhile, in July 2015, defendant gave birth to a child. In August 2015, plaintiff, who had apparently moved to New Jersey, filed a complaint in the Family Part of our Superior Court seeking parenting time with the child.

2

Defendant opposed that application, and filed a complaint seeking, among other things, sole legal custody of the child.

In May 2016, the Family Part entered an order awarding defendant temporary legal and residential custody of the child, with plaintiff allowed supervised parenting time. Thereafter, difficulties arose between the parties and the Family Part issued a number of orders concerning parenting time and other issues. During those proceedings, plaintiff raised a question concerning whether he was the father of the child, but ultimately a paternity test confirmed that he was the child's father.

Defendant also filed for and obtained a final restraining order (FRO) against plaintiff under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Plaintiff appealed from the FRO, but we affirmed that order. C.G. v. A.K., No. A-1390-16 (App. Div. June 19, 2018). Plaintiff also appealed from an October 26, 2016 order that denied his motions to change custody and parenting time. We affirmed the October 26, 2016 order. A.K. v. C.K., No. A-1391-16 (App. Div. June 19, 2018). In both appeals, we found plaintiff's arguments lacked sufficient merit to warrant discussions in written opinions. See R. 2:11-3(e)(1)(E).

Another issue the parties disputed was the obtaining of a Jewish get. The parties were married in a Jewish ceremony, during which the parties entered into a marriage agreement known as a "ketubah." The agreement stated in part that defendant agreed to be plaintiff's wife "according to the Law of Moses and Israel."

In May 2015, defendant obtained a get from a rabbinical Jewish court. Plaintiff, however, later contacted a rabbi and called into question the validity of the get. Thereafter, there were a series of motions filed and orders issued concerning defendant's efforts to obtain a second get. Ultimately, defendant withdrew her motions related to the get and represented that she no longer needed plaintiff to provide her with a get. Accordingly, by order dated July 26, 2018, the Family Part vacated "all prior [c]ourt [o]rders as they relate to [d]efendant's application to compel [p]laintiff to obtain a Jewish [g]et."

Plaintiff filed a motion for leave to appeal and an appeal from several of the orders that addressed the get. On the motion for leave to appeal, we granted the motion in part and summarily reversed certain provisions of an order that had suspended plaintiff's parenting time because there was no showing that the suspension was in the best interest of the child. We denied the other requested relief.

On plaintiff's subsequent appeal from the orders that required him to appear before a rabbinical court, we dismissed part of the appeal as moot because the Family Part had already vacated the order compelling plaintiff to appear before the rabbinical court. We reversed an order that had granted defendant's motion for attorneys' fees in connection with the motions to compel plaintiff to comply with obtaining a second get. [A.K.] v. [C.G.], No. A-3697-17 (App. Div. Mar. 14, 2019).

In September 2018, plaintiff filed a motion seeking to recuse the Family Part judge who had entered the FRO and the orders concerning the get. Plaintiff alleged that the judge was incapable of being impartial. Defendant opposed that motion and filed a cross-motion for attorneys' fees. Plaintiff also filed another motion to change custody and parenting time.

On October 19, 2018, the Family Part heard arguments on plaintiff's motion seeking the recusal. Appropriately, the motion was heard by the judge who plaintiff sought to recuse. See State v. McCabe, 201 N.J. 34, 45 (2010) (stating that motions for recusal must be made to the judge whose disqualification is sought) (first citing R. 1:12-2; then citing Magill v. Casel, 238 N.J. Super. 57, 63 (App. Div. 1990)).

In his oral decision, the judge initially informed the parties that the case was being administratively reassigned to another judge for reasons totally unrelated to the recusal motion. The Family Part judge then addressed the substance of the recusal motion, found it lacked any basis, and denied the motion. In that regard, the judge found that plaintiff was simply unhappy with the court's prior rulings, but that was no basis for a recusal. The judge specifically addressed each criteria under Rule 1:12-1 and found that plaintiff failed to establish any grounds for recusal. The judge also rejected plaintiff's contention that because a portion of one of his orders had been reversed on appeal, that was a basis for recusal.

The judge then analyzed defendant's cross-motion for attorneys' fees. In doing so, the judge reviewed the factors set forth in Rule 5:3-5 and found that defendant was entitled to attorneys' fees under those factors. Among other things, the judge found that plaintiff had filed his motion for recusal in "bad faith" and that defendant was entitled to a fee award. The judge then reviewed counsel's certification setting forth the fees, and found that the hourly rates and fees sought were reasonable. Accordingly, the judge ordered plaintiff to pay defendant $5830 in attorneys' fees.

A-1463-18T2

II.

Plaintiff now appeals from the October 19, 2018 order. He makes two arguments, contending that it was (1) an error to deny his motion to recuse the Family Part judge; and (2) an error to award attorneys' fees incurred in connection with the motion to recuse. The first argument is moot and the second argument lacks merit.

A. The Motion for Recusal

"An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (quoting N.Y. Susquehanna & W. Ry. Corp. v. Dep't of Treasury, Div. of Taxation, 6 N.J. Tax 575, 582 (Tax 1984), aff'd, 204 N.J. Super. 630 (App. Div. 1985)). "It is firmly established that controversies which have become moot or academic prior to judicial resolution ordinarily will be dismissed." Cinque v. N.J. Dep't. of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993) (first citing Oxfeld v. N.J. State Bd. of Educ., 68 N.J. 301, 303-04 (1975); then citing Anderson v. Sills, 143 N.J. Super. 432, 437-38 (Ch. Div. 1976)).

Plaintiff seeks review of an order denying his motion to recuse a particular Family Part judge. The judge who is the subject of the recusal motion is no

longer assigned to this matter. Therefore, the provision of the October 19, 2018 order denying the motion to recuse is moot because the decision on that issue will have no practical effect. Accordingly, we dismiss plaintiff's appeal from paragraph one of the October 19, 2018 order.

B. The Attorneys' Fees

Plaintiff also argues that the trial court abused its discretion in granting defendant's motion for attorneys' fees. We review a trial court's order awarding counsel fees under an abuse of discretion standard. Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (citing Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

N.J.S.A. 2A:34-23 authorizes the Family Part to award counsel fees in a matrimonial action after a judge considers "the factors set forth in the court rule on counsel fees, the financial circumstances of the parties, and the good faith or bad faith of either party." Chestone v. Chestone, 322 N.J. Super. 250, 255-56 (App. Div. 1999) (quoting N.J.S.A. 2A:34-23). Rule 4:42-9(a)(1) provides that, "[i]n a family action, a fee allowance both pendente lite and on final determination may be made pursuant to [Rule] 5:3-5(c)." Rule 5:3-5(c) states that a court should consider nine factors, including "the reasonableness and good faith of the positions advanced by the parties[.]"

Here, in awarding defendant counsel fees, the judge addressed the factors enumerated in Rule 5:3-5(c) and found that plaintiff had filed the motion for recusal in bad faith. In that regard, in considering the substance of the recusal motion, the judge reviewed Rule 1:12-1, which is the court rule setting forth the grounds for recusal, and found that plaintiff had no basis for a motion to recuse the judge. The judge then reviewed the attorney's certification seeking the fees, and found that the hourly rates were reasonable and the fees were properly incurred. We discern no abuse of discretion in the fees award.

Plaintiff argues that Rule 5:3-5(c) does not permit the court to award counsel fees for a recusal motion. He asserts Rule 5:3-5(c) only permits the court to award attorneys' fees for matters involving family-related issues. We disagree.

Rule 5:3-5(c) provides in part that the court, in its discretion, may award attorney's fees to be paid by any party in a Family Part matter who succeeds on "any . . . claims relating to family type matters." Plaintiff's motion for the judge's recusal related to his motions concerning custody and parenting time. Moreover, having reviewed the record, we find no support for plaintiff's claim that the Family Part judge abused his discretion in denying the recusal motion. Plaintiff presented no grounds supporting recusal, and neither "adverse ruling[s]

in prior proceedings" nor a party's dissatisfaction or displeasure warrant disqualification. See State v. Marshall, 148 N.J. 89, 95 (1997); R. 1:12-1. Thus, the recusal motion pertained to "family type matters." Accordingly, we affirm the portion of the October 19, 2018 order awarding attorneys' fees to defendant.

Dismissed in part as moot and affirmed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION