**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0241-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES J. GAMBLE,
a/k/a CHARLES GAMBLE,

    Defendant-Appellant.

_____

Submitted January 20, 2022 – Decided March 3, 2022

Before Judges Hoffman and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 06-09-1483.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Charles J. Gamble appeals an August 28, 2019 order denying his petition for post-conviction relief (PCR). We affirm.

On September 27, 2006, defendant was indicted for second-degree conspiracy to commit murder, N.J.S.A. 2C:11-3a and 2C:5-2 (count one); first-degree murder, N.J.S.A. 2C:11-3a (count two); and second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4a (count three). On March 12, 13, 18, 25, and 26, 2008, defendant was tried before a jury. On March 26, 2008, the jury found defendant guilty of all three counts. On June 27, 2008, after mergers, the court imposed a life imprisonment sentence subject to an eighty-five percent parole disqualifier pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. On September 3, 2010, we affirmed defendant's convictions and sentence, State v. Gamble, No. A-005811-07 (App. Div. Sept. 3, 2010) (slip. op. at 2), and our Supreme Court denied review, 205 N.J. 81 (2011).

On April 7, 2011, defendant filed his first PCR petition. On August 14, 2012, the court entered an order and written decision denying the petition.

On June 20, 2013, defendant filed a second PCR petition, and, on August 13, 2013, filed a supplement. Defendant alleged ineffective assistance of PCR counsel as follows:

> FIRST PCR COUNSEL . . . FAILED TO ADEQUATELY PREPARE AND EXERCISE

NORMAL CUSTOMARY SKILLS IN HIS PREPARATION OF DEFENDANT'S FIRST PCR, FAILED TO INVESTIGATE CLAIMS OF DEFENDANT, FAILED TO ATTAIN A FOOTPRINT EXPERT, FAILED TO INVESTIGATE AND PROPERLY PLEAD DEFENDANT'S PRO SE ISSUES AND FAILED TO PROVIDE DEFENDANT WITH THE NECESSARY SOURCE DOCUMENTS TO IDENTIFY ISSUES HE WANTED PRESENTED IN HIS FIRST PCR.

Defendant specifically pointed to PCR counsel's failure to investigate and subpoena his co-defendant William Askew's brother, Andrew Askew, whose affidavit allegedly demonstrates defendant's innocence. In addition, defendant sought an evidentiary hearing to support his ineffective-assistance claims.

On October 8, 2013, Judge James M. Blaney sent defendant a letter stating, in pertinent part: "[t]he [c]ourt is in receipt of your [second verified PCR petition]. . . . However, the [c]ourt cannot accept a second post-conviction relief petition until the Appellate Court makes a decision on the appeal of your first petition for post-conviction relief." The court did not enter an order denying the second PCR.

On July 7, 2014, we affirmed the trial court's denial of defendant's first PCR petition, State v. Gamble, No. A-1391-12 (App. Div. July 7, 2014) (slip. op. at 1), and our Supreme Court denied review, 220 N.J. 101 (2014).

On September 24, 2015, defendant submitted his third PCR petition, which was filed as a second PCR petition. Defendant argued that he received ineffective assistance of counsel at trial and in the first PCR proceedings. Defendant specifically challenged:

> [PCR] COUNSEL['S] . . . FAILURE TO INCORPORATE PETITIONER'S CLAIMS ON [PCR] . . . .
>
> TRIAL COUNSEL['S] . . . FAILURE TO ISSUE A SUBPOENA FOR "ANDREW ASKEW" WHO WAS GOING TO TESTIFY PROCLAIMING THE PETITIONER'S INNOCENCE HE SIGNED IN SWORN AFFIDAVIT. . . .
>
> [PCR COUNSEL'S] . . . FAILURE TO FOLLOW[] UP ON AN AFFIDAVIT FROM PETITIONER'S CO-DEFENDANT []ISSIAH THOMAS CLEARING THE PETITIONER'S NAME IN THE CHARGED HOMICIDE. . . .
>
> [TRIAL COUNSEL'S FAILURE TO HONOR] THE JUDGE'S REQUEST FOR A LIMITED INSTRUCTION TO BE READ TO THE JURY CONCERNING INFLAMMATORY REFERENCES TO PETITIONER'S ALLEGED GANG MEMBERSHIP. . . .
>
> [PCR COUNSEL'S] . . . FAILURE TO RAISE INEFFECTIVE CLAIM AGAINST PETITIONER'S TRIAL COUNSEL FOR NOT REQUESTING JUDGE VILLIANO (SENTENCING JUDGE) TO RECUSE HERSELF. . . .

4

[PCR COUNSEL'S] . . . FAILURE TO NOT GET
[FOOTPRINTS] TESTED. . . .

[PCR COUNSEL'S] . . . FAILURE TO DISCLOSE
ALL THE DISCOVERY TO THE PETITIONER, SO
HE COULD ASSIST WITH PREPARATION OF
[PCR] CLAIMS.

On October 21, 2015, Judge Blaney entered an order permitting this PCR petition because it "has good cause for it to proceed as a second PCR[,] as the [c]ourt is satisfied that these claims are possibly meritorious and require assignment of counsel."

In February 2018, the third PCR petition was transferred to Judge Guy P. Ryan. On February 26, 2019, Judge Ryan heard oral argument. On April 26, 2019, Judge Ryan entered an order granting defendant an evidentiary hearing.

On August 28, 2019, Judge Ryan entered an order denying defendant's third PCR petition. Judge Ryan filed a thorough written opinion detailing the procedural history of the matter between defendant's 2006 indictment through the date of the opinion.

Judge Ryan stated that Judge Blaney was correct in dismissing defendant's second PCR petition as Rule 3:22-3 provides that a PCR petition is not a substitute for appeal. Judge Ryan also explained:

A second PCR petition was filed on June 20, 2013.
Judge Blaney dismissed the second PCR on October 8,

5

A-0241-20

2013. This current [third] PCR was filed September 24, 2015. This current PCR was filed almost two years after the denial of the second PCR, well past the amount of time allowed for a second or subsequent PCR. It would seem the State, in abandoning the timeliness issue, is conceding the current petition is simply a reinstatement of the second petition. However, this court finds that the June 20, 2013 filing and the September 24, 2015 filing are different in both form and substance. Petitioner did not move to reinstate his second PCR; he filed a different petition as his third PCR. . . .

Judge Blaney denied the second petition on October 8, 2013. No appeal was taken from that dismissal. . . .

. . . .

Petitioner raises a claim against his first PCR counsel who represented him in 2012. The first PCR was denied on August 14, 2012. While petitioner did file a second PCR within the required one-year, even the Public Defender's Office agreed same could not proceed while an appeal was pending from the denial of the first PCR. After the Appellate Division affirmed the denial of the first PCR, petitioner sat on his rights. He did not move to reinstate his dismissed PCR. Moreover, he did not file his third PCR within one year of the Appellate Division's affirmance of the first PCR's denial.

Judge Ryan also concluded that Rule 3:22-4(b)(1) barred defendant's third

PCR petition as untimely pursuant to Rule 3:22-12(a)(2). Judge Ryan noted:

[T]he pendency of an appeal from Judge Blaney's denial of the first PCR did not toll the time to file this third PCR. It is well-established the time to file a PCR

6

is neither stayed nor tolled by appellate or other review proceedings. See State v. Dillard, 208 N.J. Super. 722, 727 (App. Div.), certif. denied, 105 N.J. 373 (1986); State v. Dugan, 289 N.J. Super. 15 (App. Div.), certif. denied, 145 N.J. 373 (1996).

In addition to addressing the time bar on defendant's third PCR petition, Judge Ryan explained that defendant's ineffective-assistance of trial counsel claims are procedurally barred either because they were adjudicated in the first PCR proceeding or because defendant could have raised the claims in his first PCR petition. Judge Ryan also noted that, in this third PCR petition, defendant first raised the claim that "trial counsel failed to advise him of the penal consequences of a guilty verdict at trial. The court is convinced this claim is likewise barred by Rule 3:22-4(a) for not having been raised during [a] prior proceeding."

Finally, Judge Ryan rejected defendant's ineffective-assistance of PCR counsel claims on both procedural and substantive grounds. First, Judge Ryan noted that these claims are untimely because they were not filed within one year of the denial of the first PCR. Second, following a thorough analysis on the merits, Judge Ryan concluded that defendant did not establish a prima facie case of ineffective assistance of PCR counsel. This appeal followed.

Defendant argues:

A-0241-20

POINT I
DEFENDANT'S SECOND PCR PETITION SHOULD
NOT HAVE BEEN PROCEDURALLY BARRED.

POINT II
DEFENDANT'S CONVICTIONS MUST BE
REVERSED BECAUSE TRIAL COUNSEL WAS
INEFFECTIVE FOR FAILING TO ADVISE HIM AS
TO THE PENAL CONSEQUENCES OF A GUILTY
VERDICT AT TRIAL.

We affirm substantially for the reasons set forth in the PCR court's thorough and cogent written opinion wherein he addressed the merits. Accordingly, we need not re-address defendant's arguments at length. We add the following comments.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). Post-conviction relief provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). A petition for post-conviction relief is not a substitute for a direct appeal. State v. Mitchell, 126 N.J. 565, 583 (1992).

"Our standard of review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony. In such circumstances we will uphold the PCR court's findings that are supported by sufficient credible

8

evidence in the record." Nash, 212 N.J. at 540. However, our review of a PCR court's interpretation of the law is reviewed de novo. Id. at 540-41.

Defendant first argues that the trial court erred in finding that Judge Blaney dismissed defendant's second PCR petition, and that "absent a dismissal, the second petition remained filed as of June 20, 2013, within one year of the first PCR petition's denial on August 14, 2012, notwithstanding its not being able to proceed until appellate resolution of the first petition." Defendant further argues that the trial court erred in concluding that his second PCR petition was procedurally barred because the petition alleged ineffective assistance by first PCR counsel, which satisfies Rule 3:22-12(a)(2)(C).

We agree that the record does not support Judge Ryan's conclusion that Judge Blaney dismissed defendant's second PCR petition, which was received and filed on June 20, 2013 and supplemented on August 13, 2013. Judge Blaney's October 8, 2013 letter was not an order. Thus, defendant's second PCR petition was timely filed within one year of the August 14, 2012 denial of his first PCR. See Rule 3:22-12(a)(2)(C) (providing that a second or subsequent petition must be filed within one year after the latest of "the date of the denial of the first or subsequent application for postconviction relief where ineffective

assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged").

However, the trial court properly addressed defendant's ineffective-assistance claims on the merits. Thus, defendant's challenge to the procedural bar on his second PCR petition is moot. N.Y. Susquehanna & W. Ry. Corp. v. N.J. Dep't of Treasury, Div. of Tax'n, 6 N.J. Tax 575, 582 (Tax 1984), aff'd, 204 N.J. Super. 630 (App. Div. 1985) ("An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.").

Defendant next argues that trial counsel's failure to advise defendant of the penal consequences of a guilty verdict at trial constituted ineffective assistance of counsel under the Strickland/Fritz standard.[1] We decline to address this argument as it is procedurally barred. R. 3:22-4. Defendant could have raised his ineffective-assistance claims involving trial counsel on direct appeal and in his first PCR petition. See Nash, 212 N.J. at 546.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Strickland v. Washington, 466 U.S. 668 (1984); State. Fritz, 105 N.J. 42 (1987).