**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2709-24

ROBERTO PARADISO,

    Plaintiff-Appellant,

v.

SELENE FINANCE,

    Defendant,

and

U.S. BANK TRUST NATIONAL
ASSOCIATION, not in its individual
capacity but solely as owner for
Trustee for RCF 2 Acquisition Trust,

    Defendant-Respondent.

_____

Submitted April 21, 2026 – Decided May 26, 2026

Before Judges Rose and Rosero.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0899-25.

Amit Deshmukh, attorney for appellant.

Knuckles & Manfro, LLP, attorneys for respondent (John E. Brigandi, on the brief).

PER CURIAM

Plaintiff Roberto Paradiso (Paradiso) appeals from an April 24, 2025 Law Division order denying his motion for summary judgment and granting a motion to dismiss his complaint with prejudice filed by defendants Selene Finance, L.P., (Selene) and U.S. Bank Trust National Association (U.S. Bank), not in its individual capacity, but solely as Owner for Trustee for RCP Acquisition Trust. Based on our de novo review of the record and prevailing law, we affirm.

I.

We glean the salient facts from the record. On October 31, 2006, Paradiso purchased a residential property located in Hasbrouck Heights. The purchase was made with a $500,000 promissory note, with an annual interest rate of 7.24%, in favor of Bank of America, N.A. The loan was scheduled to mature on October 31, 2031. To secure payment of the note, Paradiso executed a mortgage in favor of Bank of America on a property located in Upper Saddle River. The mortgage was recorded on April 9, 2007, in the Bergen County Clerk's Office. Following several mortgage reassignments from 2007 to 2022,

the mortgage loan was assigned to U.S. Bank with Selene servicing the loan on its behalf.[1]

In 2018, Paradiso defaulted on the mortgage, prompting the assignee, Wilmington Savings Fund Society, trustee at that time, to initiate a foreclosure action in the Chancery Division, Docket No. F-18529-18. Following the entry of final judgment, the property was scheduled for sheriff's sale, however, the sale was adjourned to allow the parties to negotiate and finalize a loan modification agreement.

Paradiso entered into a trial loan modification agreement sometime prior to April 1, 2021.[2] The agreement required six trial "payments of $3,168.73 beginning on April 1, 2021, and concluding on September 1, 2021." Paradiso made all required trial payments and final modification agreement discussions ensued. The principal amount was adjusted to $732, 235.17. This sum included an active/interest-bearing principal of $450,000 plus a differed/non-interest-bearing principal balance of $296,088.36. The final modification agreement included a balloon payment of $185,760.36 due at maturity. Paradiso signed the

---

[1] The records provided on appeal do not provide an assignment date.

[2] The trial modification agreement provided on appeal is undated.

A-2709-24

final modification agreement with Selene on November 15, 2021, and it was duly recorded on January 7, 2022.

During the finalization of the modification agreement, the property was relisted as a sheriff's foreclosure sale, scheduled for December 3, 2021. Paradiso filed an order to show cause in the foreclosure action "seeking to stay the sale on the basis that the proposed modification terms in the final modification agreement did not match the terms that were previously offered in the trial modification." On November 19, 2021, the Chancery court determined that "there was no basis to stay the sale because the terms of the trial modification and the proposed permanent modification were consistent." Following this denial, the sale was adjourned by assignee, "U.S. Bank until January 14, 2022, to continue loss mitigation efforts." On January 7, 2022, the foreclosure action was dismissed, and Selene recorded the final modification agreement with the Bergen County Clerk.

On November 16, 2021, Paradiso filed a three-count complaint in the Law Division, Docket No. L-7553-21. The action alleged a breach of good faith and fair dealing, promissory estoppel, and violation of the Consumer Fraud Act, under N.J.S.A. 56:8-2.

A-2709-24

Paradiso missed a mortgage payment on May 1, 2022, and Selene initiated a second foreclosure action on July 7, 2023, in the Chancery Division, Docket No. F-8225-23. Paradiso did not file an answer or responsive pleading. On October 31, 2023, the court entered default against Paradiso.

On January 5, 2024, the parties filed a stipulation extending Paradiso's time to answer the foreclosure complaint to January 17, 2024. Paradiso did not file a timely answer. On February 20, 2024, he moved for additional time to answer.

On April 27, 2024, the parties entered into a stipulation of dismissal wherein Paradiso agreed to dismiss his complaint under Docket No. L-7553-21 without prejudice, permitting him to refile "the instant claims to [the] extent permitted under law and Court Rules in the pending foreclosure action" and reflecting the Law Division action was "amicably adjusted by and between the parties."

Selene filed a motion for final judgment on July 23, 2024, in the Chancery Division. Paradiso filed a motion opposing the final amount due on November 16, 2024.

On November 6, 2024, the Chancery court denied Paradiso's motion to extend time to file an answer and his ensuing motion for reconsideration. In its

5

written statement of reasons, the court found, although the parties agreed to extend Paradiso's time to answer to January 17, 2025, he failed to file a motion to extend time to answer until February 20, 2025. Although the motion was unopposed, Paradiso did not sufficiently support vacating the default, as no meritorious defense was set forth. In making its findings, the court applied Rule 4:43-3[3], the court found no good cause to vacate the default, noting the lack of a meritorious defense and the pending motion for final judgment.

On February 26, 2025, Paradiso filed a second complaint in the Law Division, Docket No. L-0899-25. The complaint repeated the causes of action listed on Docket No. L-7553-21, the complaint that was dismissed without prejudice on April 27, 2024.

On March 20, 2025, Selene filed a motion to dismiss Paradiso's complaint in the Law Division, Docket No. L-0899-25. That same day, Paradiso filed an opposition to Selene's motion and a cross-motion for summary judgment.

---

[3] Rule 4:43-3, provides: A party's motion for the vacation of an entry of default shall be accompanied by (1) either an answer to the complaint and Case Information Statement or a dispositive motion pursuant to R[ule] 4:6-2, and (2) the filing fee for an answer or dispositive motion, which shall be returned if the motion to vacate the entry of default is denied. For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with R[ule]. 4:50.

On April 17, 2025, Chancery Judge Nicholas Ostuni denied Paradiso's motion opposing the final amount due and ordered the Office of Foreclosure to enter a final judgment in Docket No. F-8225-23. The judge made legal and factual findings in his cogent decision. The judge outlined the legal standard stating, "a foreclosure action does not merely adjudicate the plaintiff's right to relief, but it also sets the amount due to plaintiff and directs the sale of the mortgaged premises in order to satisfy the debt." Wells Fargo Bank N.A. v. Garner, 416 N.J. Super. 520, 523 (App. Div. 2010). The judge explained that Rule 4:64-1(d)(3) allows a party who disputes the correctness of the affidavit of amount due to file an objection. Rule 4:64-1(d)(3), provides:

> Objections to Amount Due. Any party having the right of redemption who disputes the correctness of the affidavit of amount due may file with the Office of Foreclosure an objection stating with specificity the basis of the dispute and asking the court to fix the amount due. On receipt of a specific objection to the calculation of the amount due, the Office of Foreclosure shall refer the matter to the judge in the county of venue, who shall schedule such further proceedings and notify the parties or their attorneys of the time and place thereof.

Judge Ostuni reviewed Selene's submissions and noted they provided additional evidence to support their calculation of the amounts due in the foreclosure action. The court found that Selene complied with the relevant court rules, R. 4:64-2 and R. 1:4-4(b), in submitting the necessary proofs, including

7

certifications and schedules detailing the amount due. The proofs provided amounted to the following:

1. Unpaid Principal Balance as of May 30, 2024, totaled $448,083.67.

2. Interest from April 1, 2022, to May 30, 2024, at 4.000% totaled $38,764.30.

3. Deferred Balance totaled $282,235.17.

4. Net Advances totaled $31,771.14.

The judge found that the components of the debt, which include the unpaid principal balance, accrued interest, deferred balance, and net advances equaled $800,854.28.

Paradiso objected to Selene's motion for final judgment, arguing that the balloon payment should be reduced by approximately $356,000. He claimed that he was initially offered a loan modification with a $450,000 principal and a $110,000 deferred balloon payment, but the final modification included a much higher balloon payment of $467,996. Judge Ostuni noted Paradiso claimed, "he was scared to lose his home and, in an effort, to prevent foreclosure he entered the loan modification." Further, Paradiso claimed he "would not have entered the loan modification if [Selene] did not offer new terms and would have explored other options."

Judge Ostuni, however, found that these issues had already been litigated and decided in previous orders, including the denial of Paradiso's motion to vacate and motion for reconsideration. The judge explained:

> Under established New Jersey law, [d]efendant is precluded from re[]litigating the above issues, which were already decided by the [c]ourt on November 6, 2024, [o]rder denying [d]efendants['] [m]otion to [v]acate and January 31, 2025, [o]rder denying [d]efendant['s] [m]otion for [r]econsideration. In New Jersey[,] the "law of the case" doctrine holds that "where there is an unreversed decision of a question of law or fact made during the court of litigation, such decision settles that question for all subsequent stages of the suit." State v. Hale, 127 N.J. Super. 407, 410 (App. Div. 1974) [(quoting Wilson v. Ohio River Co., 236 F. Supp. 96, 98 (S.D.W.Va. 1964)).] New Jersey courts have applied the principle articulated in Hale to hold that a decision made by a trial court during one stage of the litigation is binding throughout the course of the action. See Pressler, Current N.J. Court Rules, [cmt.] 4 on R. 1:36-3 (2008).
>
> Here, New Jersey's "law of the case" doctrine bars [d]efendant from raising arguments and issues already raised in their contesting [a]nswer which was stricken by the [c]ourt's April 14, 2023 [o]rder. The arguments [d]efendant raised with respect to the default interest, specifically the amount due and owing on the loan, have already been stricken, and do not possess any merit whatsoever in regard to the instant application. It is procedurally improper for the [c]ourt to allow [d]efendant to utilize an objection to an amount due – a motion very narrow in scope – as a vehicle to simply re[]litigate substantive issues that have already been ruled on.

A-2709-24

Finally, the judge found Selene provided satisfactory proofs regarding the amount due, including escrow advances and required schedules. Paradiso, however, failed to supply specific evidence or certifications to oppose the amount due as required by Rule 4:64-9. Therefore, Paradiso's motion was denied, and the matter was remanded to the Office of Foreclosure on April 17, 2025 for a final judgment in Docket No. F-8225-23.

On April 24, 2025, the present motion judge dismissed Paradiso's complaint in Docket No. L-0899-25. The order states, "The [m]otion is denied as moot and the [c]omplaint is dismissed with prejudice based on the [o]rder entered by the Hon. Nicholas Ostuni, J.S.C., on April 17, 2025, in Docket No. F-8225 at [t]ransaction ID CHC2025124679." This appeal followed.

On appeal, Paradiso raises three arguments he notes were not asserted before the motion judge. Drilled to their essence, Paradiso's contentions challenge the motion judge's dismissal of his Law Division complaint as moot. We are unpersuaded.

II.

"We review the grant or denial of a motion for summary judgment de novo." Rivera v. Valley Hosp., Inc., 252 N.J. 1, 16 (2022) (quoting Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013)). Rule 4:46-2(c) provides summary

judgment should be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Significantly, "[a]n issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid. "[W]hen the evidence 'is so one-sided that one party must prevail as a matter of law,' the trial court should not hesitate to grant summary judgment." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

"[A] court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged.' That means a non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute[;]" such disputed issues of fact must be substantial in nature. Id. at 529 (emphasis omitted) (quoting R. 4:46-2(c)). In determining the existence of a genuine issue of material fact, the motion judge must evaluate whether the

11

presented evidentiary materials, "when viewed most favorably to the non-moving party, are sufficient to permit a factfinder to resolve the alleged contested issue in favor of the non-moving party." Id. at 540.

Initially, we reject Paradiso's argument that the motion judge erroneously denied summary judgment as moot. Similar to the motion judge, we conclude Paradiso's motion was based on claims that would raise genuine issues of material facts regarding the amount due pursuant to the final modification agreement. Further, for the reasons that follow, Paradiso's claims are moot.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank of Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993); see also Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952) ("Since the execution, recording, and non-payment of the mortgage were conceded, a prima facie right to foreclosure, was made out.") "It is well recognized that, where the answer and any proffered defenses fail to challenge the essential elements of the mortgagee's right to foreclose and fail to interpose a validly recognized defense, the mortgagee is entitled to a final judgement of foreclosure." Old Republic Ins. Co. v. Currie, 284 N.J. Super. 571, 574 (Ch. Div. 1995) (signal omitted).

Paradiso concedes he entered into a final modification agreement with Selene. The record shows two Chancery judges found the final modification agreement unambiguous. In the complaint the Law Division judge dismissed, Docket No. L-7553-21, Paradiso disputed the terms of the modification agreement. On appeal, Paradiso does not dispute that he defaulted on the mortgage payment due and owing under the modification agreement. Paradiso received proper notice of U.S. Bank's foreclosure action after defaulting on the payment due on May 1, 2022, and failed to file an answer with counterclaims asserting any challenges to the foreclosure complaint. As a result, default was entered. As noted, by the Chancery judge on November 6, 2024, and January 31, 2025, Paradiso was given ample opportunities to file an answer but failed to do so. As such, Paradiso did not challenge the essential elements of Selene's right to foreclose.

Summary judgment is appropriate "when the evidence 'is so one-sided that one party must prevail as a matter of law[.]'" Brill, 142 N.J. at 540. Paradiso did not meet this burden of proof.

Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm. Jackson v. Dep't of Corr., 335 N.J. Super. 227, 231 (App.

13

Div. 2000). "A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." DeVesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring) (citing Oxfeld v. N.J. State Bd. of Educ., 68 N.J. 301, 303-04 (1975)). To restate, "'an issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006) (quoting N.Y. Susquehanna & W. Ry. Corp. v. State Dep't of Treasury, Div. of Taxation, 6 N.J. Tax 575, 582 (Tax 1984), aff'd, 204 N.J. Super. 630 (App. Div. 1985)). "Courts normally will not decide issues when a controversy no longer exists, and the disputed issues have become moot." DeVesa, 134 N.J. at 428.

A foreclosure action is "a quasi in rem procedure . . . to determine not only the right to foreclose, but also the amount due on the mortgage." Assocs. Home Equity Servs., Inc., 343 N.J. Super. at 272 (citation omitted). The purpose of a foreclosure action is to determine "not only the right to foreclose, but also the amount due on the mortgage." Assocs. Home Equity Servs., Inc. v. Troup, 343 N.J. Super. 254, 272 (App. Div. 2001) (citation omitted). Paradiso's challenges to the amount due in the mortgage were resolved by the Chancery

14

judges in the foreclosure action. Therefore, he is barred from relitigating those issues in the Law Division.

Further, it is well-settled that "[c]ourts enforce contracts 'based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 118 (2014) (quoting Caruso v. Ravenswood Developers, Inc., 337 N.J. Super. 499, 506 (App. Div. 2001)). Where a final modification is entered, it must be enforced. See GMAC Mortgage, LLC v. Willoughby, 230 N.J. 172, 186 (2017). Paradiso and Selene entered into a final modification that was consistent with the trial modification agreement. As such, Paradiso's promissory estoppel claims are without merit as determined by the Chancery judges.

Based on these legal principles and considering the enforceable modification agreement signed and recorded, the Chancery judges made their rulings. The motion judge relied on those rulings, which established that there was a mortgage, a default under the final modification agreement occurred, Paradiso owed a sum certain, and Selene was entitled to foreclosure and final judgment. For these reasons, Paradiso's claims are moot.

We therefore discern no error in the April 25, 2025 order denying Paradiso's cross-motion for summary judgment as the facts here weighed in favor of the non-moving party. Further, there is no reason to disturb the court's order denying the motion for summary judgment as moot and dismissing the complaint with prejudice based on the reasons expressed by Judge Ostuni in his written decision accompanying the April 17, 2025 order in Docket No. F-8225-23.

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary, or the argument was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division